KINSELLA WEITZMAN ISER KUMP LLP
ALAN KOSSOFF (SBN 150932)
akossoff@kwikalaw.com
JONATHAN STEINSAPIR (SBN 226281)
jsteinsapir@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Bracewell LLP
CONOR M. CIVINS (TX Bar No. 24040693) (*admitted pro hac vice*)
conor.civins@bracewell.com
MICHAEL CHIBIB (TX Bar No. 00793497) (*admitted pro hac vice*)
michael.chibib@bracewell.com
111 Congress Avenue, Suite 2300
Austin, TX 78701-4061
Telephone: 512.494.3970
Facsimile: 800.400.3970

*Attorneys for Plaintiffs Versata Software, Inc.*
*f/k/a Trilogy Software, Inc. and*
*Versata Development Group, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERSATA SOFTWARE, INC. f/k/a TRILOGY SOFTWARE, INC. and VERSATA DEVELOPMENT GROUP, INC., | Case No. 2:20-cv-09019-JAK (MRWx) |
| | The Hon. John A. Kronstadt, United States District Judge, presiding |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RESPONSE IN OPPOSITION TO CONFIGIT A/S'S MOTION TO DISMISS** |
| CONFIGIT A/S, | |
| Defendant. | Date:        June 7, 2021<br>Time:        8:30 a.m.<br>Courtroom: 10B<br>Judge:      Hon. John A. Kronstadt |

# **TABLE OF CONTENTS**

I.   Preliminary Statement ....................................................................... 1

II.  Dismissal of the Trade Secrets Claims (Counts III and IV) is Not
     Proper ............................................................................................... 3

     A.   Versata Timely Filed Its Trade Secret Claims ...................... 3

          1.   The Texas Complaint Tolled the Statute of Limitations ........... 3

          2.   Versata's Allegations Establish That Its Claims Are
               Timely .................................................................................... 4

     B.   Versata Alleges Actionable Trade Secrets ............................. 9

     C.   Versata Has Pleaded Trade Secret Misappropriation with
          Adequate Specificity ............................................................ 10

          1.   Versata's Trade Secrets Are Sufficiently Identified at the
               Pleading Stage ..................................................................... 11

          2.   Versata Sufficiently Alleges Acts of Misappropriation ........... 12

III. Dismissal of Versata's Patent Infringement Claims (Counts I and II) is
     Improper ......................................................................................... 15

     A.   Versata's Direct Infringement Claims Are Sufficiently Pleaded ....... 15

          1.   Versata Sufficiently Alleges That Configit's Software
               Infringes ............................................................................... 16

          2.   Configit's Arguments Improperly Rely on Premature
               Claim Constructions ............................................................. 17

          3.   Versata Sufficiently Alleges That Configit Performed
               Acts of Direct Infringement ................................................. 18

               (a)  Versata Sufficiently Alleges Configit Directed the
                    Use and Used Its Software in the U.S. ......................... 18

               (b)  Versata Sufficiently Alleges that Configit Has
                    Utilized U.S.-Based Computing Systems ..................... 19

          4.   If Required, Leave to Amend Would Not Be Futile ............... 20

PLAINTIFFS' RESPONSE IN OPPOSITION TO CONFIGIT A/S'S MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

B.   Versata's Indirect Infringement Claims Are Plausible and Supported by the Pleadings.........................................................21

1.   Configit Has Requisite Knowledge of the Asserted Patents for Indirect Infringement.............................................21

2.   Versata Sufficiently Alleges Configit's Induced Infringement by Continued Promotion of the Infringing Software and the Lack of Non-Infringing Uses.......................22

C.   Versata's Willful Infringement Claims Are Plausible.........................25

IV.   Conclusion....................................................................................................25

PLAINTIFFS' RESPONSE IN OPPOSITION TO CONFIGIT A/S'S MOTION TO DISMISS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) ........................................................................19

*AllCells, LLC v. Zhai*,
    2017 WL 2929380 (N.D. Cal. Mar. 27, 2017) ...................................................13

*Alta Devices, Inc. v. LG Elecs., Inc.*,
    343 F. Supp. 3d 868 (N.D. Cal. 2018)...........................................................11, 12

*AlterG, Inc. v. Boost Treadmills LLC*,
    388 F. Supp. 3d 1133 (N.D. Cal. 2019) ............................................................13

*Altiris, Inc. v. Symantec Corp.*,
    318 F.3d 1363 (Fed. Cir. 2003) ........................................................................18

*Arista Records, LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010) .............................................................................14

*ASARCO, LLC v. Union Pac. R.R. Co.*,
    765 F.3d 999 (9th Cir. 2014) ..............................................................................3

*Attia v. Google LLC*,
    983 F.3d 420 (9th Cir. 2020) ............................................................................10

*Autodesk, Inc. v. ZWCAD Software Co., Ltd.*,
    2015 WL 2265479 (N.D. Cal. May 13, 2015)...................................................11

*Avery v. Barksy*,
    2013 WL 1663612 (D. Nev. Apr. 17, 2013) ...................................................5, 7

*In re Bill of Lading Transmission & Processing Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ......................................................15, 21, 22, 23

*Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*,
    2017 WL 1436044 (N.D. Cal. Apr. 24, 2017).............................................13, 14

*CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc.*,
    2018 WL 6380887 (C.D. Cal. June 19, 2018).............................................16, 17

*Coto Settlement v. Eisenberg.*,
593 F.3d 1031 (9th Cir. 2010) ........................................................................ 15

*DermaFocus LLC v. Ulthera, Inc.*,
201 F. Supp. 3d 465 (D. Del. 2016) ................................................................. 25

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018) ................................................................. 16, 17

*Doc's Dream, LLC v. Dolores Press, Inc.*,
678 Fed. App'x. 541 (9th Cir 2017) ............................................................. 9, 21

*Document Sec. Sys., Inc. v. Nichia Corp.*,
2020 WL 3881623 (C.D. Cal. Mar. 4, 2020) ................................................... 18

*Endonovo Therapeutics, Inc. v. KVP Int'l, Inc.*,
2019 WL 5191856 (C.D. Cal. June 12, 2019) (Kronstadt, J.)..................... 17, 23

*Ferris Mfg. Corp. v. Carr*,
2015 WL 279355 (N.D. Ill. Jan. 21, 2015)...................................................... 5, 6

*Javo Beverage Co. v. California Extraction Ventures, Inc.*,
2019 WL 6467802 (S.D. Cal. Dec. 2, 2019) ........................................ 5, 7, 9, 15

*Gen. Bedding Corp. v. Echevarria*,
947 F.2d 1395 (9th Cir. 1991) .......................................................................... 8

*Gen. Elec. Co. v. Wilkins*,
2011 WL 3163348 (E.D. Cal. July 26, 2011)..................................................... 6

*Incom Corp. v. Walt Disney Co.*,
2016 WL 4942032 (C.D. Cal. Feb. 4, 2016) ............................................... 16, 17

*Informatics Applications Group, Inc. v. Shkolnikov*,
836 F. Supp. 2d 400 (E.D. Va. 2011) ................................................................ 7

*Katz v. Avanir Pharm.*,
2006 WL 8455491 (S.D. Cal. June 29, 2006) .................................................... 5

*Klang v. Pflueger*,
2014 WL 12587028 (C.D. Cal. Oct. 2, 2014) .................................................... 6

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) .......................................................................... 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) ..................................................................19, 20

*Mayes v. Leipziger*,
    729 F.2d 605 (9th Cir. 1984) ...................................................................... 4

*MedioStream, Inc. v. Microsoft Corp.*,
    869 F. Supp. 2d 1095 (N.D. Cal. 2012).............................................................12

*Memory Integrity, LLC v. Intel Corp.*,
    144 F. Supp. 3d 1185 (D. Or. 2015) .................................................................23

*MV Circuit Design, Inc. v. Omincell, Inc.*,
    2015 WL 1321743 (N.D. Ohio Mar. 24, 2015).......................................................5

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
    1 F. Supp. 3d 1020 (C.D. Cal. 2014)............................................................21, 22

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) .................................................................. 16

*Onyx Pharm., Inc. v. Bayer Corp.*,
    2011 WL 7905185 (N.D. Cal. May 10, 2011) ....................................................6, 8

*OrbusNeich Med. Co., Ltd., BVI v. Bos. Sci. Corp.*,
    694 F. Supp. 2d 106 (D. Mass. 2010)............................................................5, 8

*Pres. Techs. LLC v. MindGeek USA Inc.*,
    2019 WL 3213585 (C.D. Cal. Apr. 2, 2019) ......................................................16

*Proxyconn Inc. v. Microsoft Corp.*,
    2012 WL 1835680 (C.D. Cal. May 15, 2012)..................................................21, 22

*Rhone-Poulenc Agro, S.A. v. DeKalb Genetics Corp.*,
    272 F.3d 1335 (Fed. Cir. 2001) .................................................................. 10

*Robertson v. Burdon*,
    2019 WL 2141971 (C.D. Cal. Apr. 3, 2019)........................................................3

*Skinner v. Switzer*,
    552 U.S. 521 (2011)..............................................................................15

*Soo Park v. Thompson*,
    851 F.3d 910 (9th Cir. 2017) ......................................................................14

*Space Data Corp. v. X,*
   2017 WL 5013363 (N.D. Cal. Feb. 16, 2017)....................................................12

*Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.,*
   909 F. Supp. 1353 (C.D. Cal. 1995) .................................................................10

*Supermail Cargo, Inc. v. United States,*
   68 F.3d 1204 (9th Cir. 1995) .............................................................................4

*Techno View IP, Inc. v. Sony Interactive Entm't LLC,*
   2018 WL 3031518 (C.D. Cal., Apr. 18, 2018)..................................................18

*Teradyne, Inc. v. Astronics Test Sys., Inc.,*
   2020 WL 8173024 (C.D. Cal, Nov. 6, 2020) .............................................21, 24

*Trilogy Software, Inc. f/k/a Trilogy Software, Inc. v. Configit A/S,*
   No. 6:19-CV-579 (W.D. Tex.) ......................................................................4, 15

*Uniloc 2017 LLC v. Zenpayroll, Inc.,*
   2021 WL 271800 (D. Del. Jan. 27, 2021) ........................................................20

*VIA Techs., Inc. v. ASUS Computer Int'l,*
   2015 WL 3809382 (N.D. Cal. June 18, 2015).............................................14, 15

*Wang v. Palo Alto Networks, Inc.,*
   2014 WL 1410346 (N.D. Cal. Apr. 11, 2014)....................................................6

*WesternGeco v. Ion Geophysical Corp.,*
   2009 WL 3497123 (S.D. Tex. Oct. 28, 2009) ....................................................7

*Zirvi v. Flatley,*
   433 F. Supp. 3d 448 (S.D.N.Y. 2020) ...............................................................7

**Statutes**

18 U.S.C. § 1836(d) ...............................................................................................3

28 U.S.C. § 1367(d) ...............................................................................................4

Cal. Civ. Proc. Code § 3426.6 ................................................................................3

Cal. Civ. Proc. Code § 2019.210 ..........................................................................11

**Rules**

Fed. R. Civ. P. 8 ..............................................................................12, 15, 17

Fed. R. Civ. P. 12(b)(6) ...........................................1, 2, 3, 5, 15, 18, 25

PLAINTIFFS' RESPONSE IN OPPOSITION TO CONFIGIT A/S'S MOTION TO DISMISS

Plaintiffs Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc. (collectively, "Versata") file this Response in Opposition to Defendant Configit A/S's ("Configit") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     **PRELIMINARY STATEMENT**

Configit's motion to dismiss, in effect, argues that the Court should do what it is prohibited from when ruling on a Rule 12(b)(6) motion — reject the truth of Versata's allegations, make premature factual determinations and inferences in Configit's favor, and require Versata to conclusively prove its claims at the pleading stage. Versata's Corrected First Amended Complaint ("FAC") more than satisfies minimum pleading requirements. Moreover, Configit's various arguments that its misconduct is outside the purview of United States patent and trade secret laws defy numerous admissions made by its co-founder and Chief Strategy Officer to challenge Texas's jurisdiction when Versata initially filed this lawsuit.

Configit fails to identify any deficiency warranting dismissal of Versata's trade secret misappropriation claims. ***First***, Versata's allegations do not represent the unusual situation in which the statute of limitations is invoked on the face of the complaint. Courts do not impute constructive notice of misappropriation in these types of circumstances based on mere publication of a patent application alone, and, here, Versata did not obtain knowledge of Configit's misconduct from those applications. Configit identifies no allegations that would impose a duty on Versata to engage in the burdensome task of scouring voluminous records of patent applications on file at the PTO to protect its trade secrets, particularly because there is no indication here that Versata should have suspected Configit of trade secret misappropriation. ***Second***, Configit misapprehends Versata's Trade Secrets,[1] which are not limited to the matters that Configit unlawfully disclosed in its patents.

---

[1] Versata's Response adopts the same definition of "Trade Secrets" used in the Dkt. 25, at 5, ¶ 11.

Moreover, Configit's unlawful disclosure of Versata's Trade Secrets cannot shield Configit from further liability for its misappropriation. **Third**, Configit's trade secret allegations more than satisfy minimum pleading requirements and Configit's continued acts of misappropriation in the United States, and California, as admitted by Configit's co-founder, subject it to liability under both the Federal Defend Trade Secret Act (DTSA) and California Uniform Trade Secret Act (CUTSA).

Configit's challenges to the sufficiency of Versata's patent infringement claims are similarly without merit. **First,** Configit's contention that it has not performed an act of direct infringement within the U.S. because it is a Danish company is directly contradicted by the admissions of its co-founder who acknowledged Configit's direction and use of the infringing software within the U.S., and on behalf of Configit's U.S.-based customers. Configit cannot simply ignore its inconvenient admissions, the allegations in the FAC, and the reasonable inferences that flow from those allegations regarding Configit's infringing uses in the U.S. Configit further relies on premature claim construction arguments and non-infringement defenses that are incapable of resolution on a Rule 12(b)(6) motion. **Second**, Configit's objections to Versata's indirect infringement allegations are contrary to controlling law, which does not allow an infringer to escape liability simply because it claims to be ignorant of the patents prior to the filing of a lawsuit. **Third**, Versata's willfulness claims stand on Configit's improper access to Versata's software at JLR embodying the inventions in claimed in the Asserted Patents.[2] Although the proof establishing willfulness is within Configit's possession, Versata's allegations support a reasonable inference that Configit has knowingly misappropriated patented features of Versata's software in disregard of Versata's patent rights.

Accordingly, Configit's motion to dismiss should be denied.

---

[2] "Asserted Patents" refers collectively to United States Patent Nos. 6,836,766 ("the '766 patent") and 10,360,612 ("the '612 patent"). Dkt. 25, FAC, Exhs. C and D.

## II.   DISMISSAL OF THE TRADE SECRETS CLAIMS (COUNTS III AND IV) IS NOT PROPER

### A.   VERSATA TIMELY FILED ITS TRADE SECRET CLAIMS

Configit contends that Versata's trade secret claims under the CUTSA and DTSA should be dismissed under Rule 12(b)(6) because the three-year statute of limitations has run.   As an initial matter, "[b]ecause statute of limitations is an affirmative defense, [Versata] is not obligated to address or anticipate [the defense] in a complaint."  *Robertson v. Burdon*, 2019 WL 2141971, at *12 (C.D. Cal. Apr. 3, 2019) (citation omitted).  Further, dismissal "under Rule 12(b)(6) on the basis of an affirmative defense is uncommon, and is only appropriate if 'the defendant shows some obvious bar to securing relief on the face of the complaint.'"  *Id*. (quoting *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)); *see also* 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1357 (3rd ed. 1998) ("[A] dismissal under Rule 12(b)(6) is likely to be granted by the district court only in the relatively unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to securing relief ... .").

### 1.   The Texas Complaint Tolled the Statute of Limitations

Configit's motion erroneously argues that Versata's claims are untimely if they accrued "more than three years before the filing of the [FAC]."  Dkt. 29-1, at 3.  Both the CUTSA and DTSA apply the discovery rule, which provides that the three-year statute of limitation does not begin until the misappropriation "is discovered or by the exercise of reasonable diligence should have been discovered."  Cal. Civ. Proc. Code § 3426.6; 18 U.S.C. § 1836(d).  However, Configit fails to account for impact of Versata's initial complaint filed in the Western District of

Case No. 2:20-cv-09019-JAK (MRWx)
PLAINTIFFS' RESPONSE IN OPPOSITION TO CONFIGIT A/S'S MOTION TO DISMISS

Texas on October 8, 2019 ("Texas Complaint"), [3] which tolled the statute of limitations as of its filing.[4]  *See Mayes v. Leipzige*r, 729 F.2d 605, 608 (9th Cir. 1984) ("California equitably tolls it statutes of limitation during the pendency of an earlier case provided there is 'timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff.'").  Consequently, Versata's claims are timely because, as explained below, they accrued no earlier than October 8, 2016 under CUTSA's and DTSA's discovery rule.

### 2.   Versata's Allegations Establish that its Claims Are Timely

Here, Versata's trade secret claims are timely based on the allegations in the FAC, which alone warrants the denial of Configit's motion.  *See* Dkt. 25, at 8, ¶ 25; *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.") (citations omitted).  Versata did not discover Configit's misappropriation until reviewing two Configit patents — U.S. Patent Nos. 10,049,396 and 10,303,808 — which did not issue until August 14, 2018 and May 28, 2019, respectively.  *See* Dkt. 25, at 8, ¶ 25.  Versata's FAC alleges no facts regarding actual knowledge prior to the issuance of Configit's first patent.  Nor did Versata allege facts suggesting that Versata had reason to suspect, or should have had reason to suspect Configit of trade secret

---

[3] Dkt. 29-6 (*Versata Software, Inc. f/k/a Trilogy Software, Inc. v. Configit A/S*, No. 6:19-CV-579 (W.D. Tex.), Dkt. 1 (alleging substantially identical trade secret claims)).

[4] Under the equitable tolling doctrine, the limitations date is tolled as of filing of the Texas Complaint because Configit received timely notice of Versata's trade secret claims and suffered no prejudice from the timely refiling of the California action one day following the dismissal of the Texas action on jurisdictional grounds.  *See Mayes*, 729 F.2d at 608 (applying equitable tolling to claim initially filed in New York and subsequently filed in California after dismissal for lack of personal jurisdiction); *see also* 28 U.S.C. § 1367(d).

misappropriation prior to the discovery of Configit's issued patents.

Configit instead argues that Versata's claims are time-barred because more than three years has elapsed since the publication of Configit's patent applications that eventually led to the issuance of Configit's patents years later. Specifically, Configit contends that Versata should be imputed with constructive knowledge of Configit's misappropriation as of the date its patent applications were published, even though Versata did not discover misappropriation from those applications.

To the contrary, courts in California and throughout the country have rejected Configit's argument and hold that mere publication of a patent or patent application is insufficient to charge a plaintiff with constructive notice for limitation purposes. *See, e.g., Javo Beverage Co. v. California Extraction Ventures, Inc.*, 2019 WL 6467802, at *3 (S.D. Cal. Dec. 2, 2019) ("[T]he Court cannot conclude, as a matter of law, that [plaintiff's] claims accrued due to the publication of the patent *application* itself.") (emphasis original); *Katz v. Avanir Pharm.*, 2006 WL 8455491, at *4 (S.D. Cal. June 29, 2006) ("[I]ssuance of [a patent], standing alone, does not put [counterclaimant] on inquiry or constructive notice."); *Ferris Mfg. Corp. v. Carr*, 2015 WL 279355, at *4 (N.D. Ill. Jan. 21, 2015) (collecting cases and holding "that dismissal on limitations grounds under Rule 12(b)(6), based on the publication of a patent application to trigger the limitations period as a matter of law, would be inappropriate."); *OrbusNeich Med. Co., Ltd., BVI v. Bos. Sci. Corp.*, 694 F. Supp. 2d 106, 117 (D. Mass. 2010) ("[Defendant] alleges nothing which would suggest that [plaintiff] had any reason to suspect a potential misappropriation of its confidential information, such that it was under a duty to investigate the contents of [defendant's] published patent applications.").[5]

---

[5] *See also Avery v. Barksy*, 2013 WL 1663612, at *4 (D. Nev. Apr. 17, 2013) ("denying motion to dismiss despite publication of patent application); *MV Circuit Design, Inc. v. Omincell, Inc.*, 2015 WL 1321743, at *10 (N.D. Ohio Mar. 24, 2015) ("[M]ere publication of a patent or patent application is insufficient to put a claimant on notice of his claims relating to the patent.") (citations omitted).

Where, as here, there are no additional allegations of suspected wrongdoing by the defendant, it is "not reasonable" to impose on a plaintiff the "onerous burden" of "scour[ing] the substance of each patent to determine" whether the patent owner has an actionable claim. *Gen. Elec. Co. v. Wilkins*, 2011 WL 3163348, at *5 (E.D. Cal. July 26, 2011); *Onyx Pharm., Inc. v. Bayer Corp.*, 2011 WL 7905185, at *9 (N.D. Cal. May 10, 2011) (declining to impose duty to investigate defendant's patent applications due to volume of patents and "lack of undisputed evidence that [plaintiff] had reason to believe in 2005 that [defendant] might be acting in contravention of its collaboration obligations."); *Ferris Mfg.*, 2015 WL 279355, at *4 ("It would be unreasonable (that is to say, it would impose costs far in excess of any conceivable benefits) to impose a duty to monitor all patent applications on every company that maintains an active patent portfolio.").

Critically, Configit identifies no allegations suggesting that Versata had reason to suspect Configit of trade secret misappropriation prior to Versata's actual discovery of Configit's patents. For at least this reason, the cases Configit cites are distinguishable. For example, in *Wang v. Palo Alto Networks, Inc.*, which arose in the context of summary judgement on a fully developed record, the plaintiff repeatedly disclosed his trade secrets to an individual that he knew had later joined a known competitor. *See* 2014 WL 1410346, at *4-7 (N.D. Cal. Apr. 11, 2014). Thus, the plaintiff knew of the defendants' direct competitive activities and knew that he had disclosed trade secrets directly to one of the defendants. *See id.* Similarly, in *Klang v. Pflueger*, the plaintiff voluntarily disclosed his trade secrets directly to the defendant "in great detail." 2014 WL 12587028 (C.D. Cal. Oct. 2, 2014). The court noted that the plaintiff had "actual knowledge that he had disclosed the conception and design of the invention to the [defendant] listed as the inventor." *Id.* at *5.

Unlike in *Wang* and *Klang*, Versata did not have knowledge that its Trade Secrets had been improperly obtained by Configit, or a reason to suspect Configit

of misappropriation, such that it can be charged with a duty to investigate Configit's published patent applications.[6]   To the contrary, Versata alleges that "Configit's previous software offerings were not equivalent to [Versata's] ACM or Retail Config and could not serve as substitutes for those products."  Dkt. 25, at 8, ¶ 23.   Construed in Versata's favor, as required at the pleading stage, these allegations further support the conclusion that Versata had no reason to suspect Configit of misappropriation prior to actual discovery of Configit's patents.

Whether Versata should have known of Configit's misappropriation before the beginning of the limitations period on October 8, 2016 is a fact intensive inquiry that is not amendable to resolution on a motion to dismiss.  *See Javo Beverage,* 2019 WL 6467802, at *3 (distinguishing cases decided "at the summary judgment stage or later in the proceedings" and denying motion to dismiss); *Avery,* 2013 WL 1663612, at *4 ("denying motion to dismiss despite publication of patent application because 'it is not appropriate at the motion to dismiss stage to dismiss [] claims on statute of limitation grounds.'").   Configit's arguments for imputing constructive knowledge to Versata are unpersuasive, and, in any event, insufficient

---

[6] Configit also cites *Informatics Applications Group, Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 425 (E.D. Va. 2011), but, there, the court found that defendant's express assertion of ownership over the ideas and technology contained in the sales presentations, and that he planned to file, or had already filed, patent applications on the technology, were sufficient to create a duty to monitor defendant's patent activity. *See id.*  Similarly, *WesternGeco v. Ion Geophysical Corp.* involved claims for breach of contract in which the parties knew that they were competing to develop steamer positioning technology and shared confidential information directly under an NDA.  2009 WL 3497123, at *1-2 (S.D. Tex. Oct. 28, 2009). And *Zirvi v. Flatley* involved a niche DNA sequencing technology disclosed among a community of scientists.  *See* 433 F. Supp. 3d 448, 456, 459-460 (S.D.N.Y. 2020), *aff'd,* 2020 WL 7294559 (2d Cir. Dec. 11, 2020).   Plaintiffs alleged misappropriation by a known peer-reviewer, who was subsequently named as an inventor in a chain of patent applications published nearly two decades before suit, which contained "clear and unmistakable markers for theft" given the specificity of the "465-zip code set" used in the DNA technology at issue. *Id.* at 459-460

at the pleading stage.   Configit first alleges that plaintiff Versata Development Group has been "prosecuting configuration software patents for years."   *See* Dkt. 29-1, Mot., at 5.   However, this assertion is insufficient to show that Versata had a duty to investigate Configit's patent applications in the absence of any suggestion of wrongdoing prior to the discovery of Configit's issued patents.   *See Onyx Pharm.,* 2011 WL 7905185, at \*9 (denying summary judgement in the absence of evidence of wrongdoing); *OrbusNeich*, 694 F. Supp. 2d at 117 (no duty to investigate published patent applications absent further allegations suggesting wrongdoing).   Configit next asserts that "Versata identified Configit [] as a competitor" when it filed the initial complaint in Texas on October 8, 2019.   Dkt. 29-1, at 6.   However, the allegation cited by Configit was made as of the time the Texas Complaint was filed, after discovery of Configit's patents.   Versata has not alleged that it considered Configit a competitor, or that Versata should have suspected wrongdoing, before October 8, 2016.[7]   Finally, Configit notes that Versata is engaged in a different trade secret litigation with Ford, but fails to articulate why Versata's co-pending litigation warrants dismissal of this case on limitations grounds.[8]

In sum, "[b]ecause it is not apparent from the face of [Versata's] complaint that its claims are time barred, it is not [Versata's] burden to specifically plead the

---

[7] Configit asserts in a footnote that constructive notice should be imputed to Versata because it alleges that it "broadly publicized it collaboration with JLR" based on a single 2012 blog post on its website.   Dkt. 29-1, at 7 n. 8.   However, Configit's assertion is insufficient to establish constructive notice, and further based on unauthenticated hearsay beyond the four corners of the FAC.   *See Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1399 (9th Cir. 1991) (holding that contents of advertising cannot be imputed to plaintiff as a matter of law).

[8] Configit apparently relies on alleged "references to Configit A/S's software in the Ford trade secret litigation" from a February 1, 2018 court order.   Dkt. 29-1, at 7 n. 9.   However, nothing that Configit identifies occurred prior to October 8, 2016.

inability to have made an earlier discovery."[9]  *Javo Beverage*, 2019 WL 6467802, at *3-4.  As discussed above, it would be unreasonable to expect Versata to monitor the patent activity of every company in the software configuration business.  Upon reviewing Configit's issued patents, Versata discovered that Configit's software had incorporated trade secrets and functionality from both ACM and Retail Config.  Dkt. 25, at 8-9, ¶¶ 25-27.  Versata filed suit shortly thereafter.

## B.   VERSATA ALLEGES ACTIONABLE TRADE SECRETS

Configit argues that Versata has not sufficiently delineated the scope of its trade secrets beyond what Configit unlawfully published in its patent applications.  *See* Dkt. 29-1, at 8-9.   This argument misconstrues Versata's trade secret allegations.    While Versata alleges that U.S. Patent Nos. 10,049,396 and 10,303,808 disclose ***some*** of Versata's Trade Secrets, they do not represent the universe of trade secrets Versata alleges Configit misappropriated.   Rather, Versata's discovery of Configit's issued patents is merely what caused Versata to discover that Configit's misappropriation had occurred.

As explained further below, Versata sufficiently describes its Trade Secrets beyond simply information that Configit unlawfully disclosed in its patent applications.  *Compare* Dkt. 25, at 8, ¶ 11 (identifying trade secret and proprietary information embodied in ACM and Retail Config), *with* 9, ¶¶ 26-27 (describing unlawful patent disclosure).  The FAC further alleges that "Configit is continuing to improperly use and disclose Versata's Trade Secrets in the development, marketing, and sale or licensing of its own configuration software (and other intellectual property) to customers around the world."   Dkt. 25, at 11, ¶ 33.   Versata's

---

[9] Even if the Court were to find that further allegations related to limitations are necessary, then providing Versata with leave to amend is the proper remedy.  *See Doc's Dream, LLC v. Dolores Press, Inc.*, 678 Fed. App'x. 541, 542 (9th Cir 2017) (holding that leave to amend should be granted if the deficiency can possibly be cured by the allegation of other facts) (citing *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

allegations are not limited to the Versata Trade Secrets disclosed in Configit's patents, but rather extend to the entire universe of trade secrets Configit misappropriated, which have been incorporated into Configit's products and are being marketed and sold today.

The cases Configit cites do not support its argument that Versata is required, at the pleading stage, to precisely carve out which of Versata's Trade Secrets Configit misappropriated by unlawful public disclosure versus those that were misappropriated by other non-public means. Instead, those cases involved plaintiff's ***voluntary disclosure of its own alleged trade secrets*** in patent filings, which are materially different than the facts presented in this case. *See Attia v. Google LLC*, 983 F.3d 420, 425 (9th Cir. 2020) (Google filed patents with plaintiff's "permission and knowledge that the patents would be available to the public upon publication."); *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1356, 1359 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997) (trade secrets allegedly disclosed in *plaintiff's* patent). By contrast, Configit is attempting to avoid liability for its misappropriation by arguing that Configit itself rendered Versata's Trade Secrets no longer actionable when it unlawfully published them without Versata's knowledge or consent. However, "[c]ourts have carved out an exception to the general rule that publication terminates all trade secret rights in cases where the wrong-doer is the one who has published the trade secret." *Rhone-Poulenc Agro, S.A. v. DeKalb Genetics Corp.*, 272 F.3d 1335, 1359 (Fed. Cir. 2001), *cert. granted, judgment vacated sub nom. on other grounds*, 538 U.S. 974 (2003), *opinion modified and reinstated*, 345 F.3d 1366 (Fed. Cir. 2003). Accordingly, Versata has sufficiently identified actionable trade secrets.

## C. VERSATA HAS PLEADED TRADE SECRET MISAPPROPRIATION WITH ADEQUATE SPECIFICITY

Configit's arguments that Versata's trade secret claims lack "the requisite

specificity" and are "too vague," [10]  Dkt. 29-1, at 9, misconstrue the pleading standards applied by California courts.

### 1.    Versata's Trade Secrets Are Sufficiently Identified at the Pleading Stage

"A plaintiff need not spell out the details of the trade secret, but must minimally provide reasonable notice of the issues which must be [met] at the time of trial and provide reasonable guidance in ascertaining the scope of appropriate discovery." *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015) (internal citations omitted).  Versata has more than met this standard.

*Alta Devices, Inc. v. LG Elecs., Inc.* provides helpful guidance as to the degree of specificity required.  343 F. Supp. 3d 868, 881 (N.D. Cal. 2018).  There, the court found that the plaintiff, a manufacturer of thin-film solar technology, adequately pleaded its trade secret claim where (1) it identified "the exact technology in question: thin-film GaAs solar technology;" and (2) listed with specificity the types of trade secrets relating to the "thin-film GaAs solar technology," including "[m]ethods of: high throughput thin-film deposition; epitaxial lift-off of the thin-film; and GaAs substrate maintenance and re-use," among others.  *Id*.  This is precisely the degree of specificity provided in the FAC.  Specifically, Versata (1) identified the technology in question — ACM and Retail Config, *see* Dkt. 25, at 3-4, ¶ 10 — and (2) listed with specificity the types of trade secrets contained in both ACM and Retail Config, *see* Dkt. 25, at 4-5, ¶ 11, including, for example, "a process that separates the model selection and option

---

[10]  Configit's alleged concerns over "ascertaining the scope of appropriate discovery," Dkt. 29-1, at 9, are further addressed by CUTSA's pre-discovery disclosure requirements.  *See* Cal. Civ. Proc. Code § 2019.210 ("[B]efore commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity.").

equipping of a vehicle line into two distinct configurations" and "precomputed variable option pricing displayed in a particular manner and based on certain criteria." *Id.* Accordingly, Versata has described its Trade Secrets with sufficient particularity.[11]

Conversely, the cases where courts have found that trade secrets were not identified "with sufficient particularity to separate it from matters of general knowledge in the trade" are not analogous to the trade secret descriptions in Versata's FAC. For example, Configit cites *Space Data Corp. v. X*, but there the complaint merely provided a high-level overview of the plaintiff's trade secrets, such as "data on the environment in the stratosphere" and "data on the propagation of radio signals from stratospheric balloon-based transceivers." 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017). The court found that these allegations did not satisfy Rule 8 because they "[did] not give the Court or Defendants notice of the boundaries of [the] case." *Id.* Similarly, *MedioStream, Inc. v. Microsoft Corp* involved cursory and vague trade secret allegations, which merely alleged that unspecified "business plans and strategies; … customer information, financial statements, technical specifications, algorithms, source code and marketing materials," and "methods for practicing MedioStream's [product]" constituted the asserted trade secrets. *See* 869 F. Supp. 2d 1095, 1113 (N.D. Cal. 2012). Unlike those cases, Versata satisfied its pleading requirements by identifying the technology and further listing with specificity the types of trade secrets contained in ACM and Retail Config. *See* Dkt. 25, at 4-5, ¶ 11.

## 2. Versata Sufficiently Alleges Acts of Misappropriation

Configit argues that Versata has not adequately alleged acts of misappropriation under the DTSA or the CUTSA. With regard to the DTSA,

---

[11] Of course, it is also imperative that Versata not disclose too many details of its trade secrets in public pleadings. If the Court would find it helpful, Versata would be amenable to provide a further detailed description of the trade secrets at issue either under seal and/or for in camera review by the Court.

Configit argues that Versata has failed to allege misappropriation post-dating the effective of the DTSA on May 11, 2016. However, allegations of continued use of a trade secret after May 11, 2016 are sufficient to allege a trade secret misappropriation claim under the DTSA, even if the asserted trade secrets were acquired prior to that date. *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1146 (N.D. Cal. 2019) ("[T]he continued use of a trade secret after the effective date of the DTSA is actionable, even if the secret was initially disclosed prior to May 11, 2016."); *see also AllCells, LLC v. Zhai*, 2017 WL 2929380, at *1 (N.D. Cal. Mar. 27, 2017) (relying on statutory language to hold that the DTSA applies to continuing use after the DTSA's effective date, even if the trade secret is previously acquired). Here, Versata expressly alleges that Configit improperly used its relationship with JLR to obtain access to Versata's Trade Secrets (Dkt. 25, at 10, ¶ 29); disclosed some of those Trade Secrets in its patents (*see id.*, at 10-11, ¶ 32); and is ***continuing to use*** Versata's Trade Secrets in the development, marketing, sale, and/or licensing of its own configuration software (*see id.*, at 11, ¶ 33).[12] Versata's continuing use allegations post-date the enactment of the DTSA — *i.e.,* they were made at least as of the date it filed the FAC on January 15, 2021. *See AllCells,* 2017 WL 2929380, at *1 (continuing use sufficient under DTSA).

Configit's reliance on *Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.* is misplaced. *Cave Consulting* did not involve allegations of continuing misappropriation like those alleged by Versata. *See* 2017 WL 1436044, at *4-5 (N.D. Cal. Apr. 24, 2017). To the contrary, the court dismissed a DTSA claim,

---

[12] With regard to Configit's continued disclosure and use of Versata's trade secrets, the FAC specifically alleges that "[u]pon information and belief, Configit is continuing to improperly use and disclose Versata's Trade Secrets in the development, marketing, and sale or licensing of its own configuration software (and other intellectual property) to customers around the world." Dkt. 25, at 11, ¶ 33.

1   with leave to amend, because the plaintiff did not allege an act of misappropriation
2   occurring after the effective date of the DTSA.  *Id*.  Rather, the plaintiff merely
3   alleged prior acts of misappropriation (in the past tense) occurring at some time
4   after their acquisition in 2014.  *See id*.

5   Nor, as Configit suggests, did *Cave Consulting* address the sufficiency of
6   allegations pleaded based on "information and belief."  *See* Dkt. 29-1, at 11-12.
7   Instead, the Ninth Circuit expressly permits a plaintiff to plead allegations "upon
8   information and belief where the facts are peculiarly within the possession and
9   control of the defendant or where the belief is based on factual information that
10  makes the inference of culpability plausible."  *Soo Park v. Thompson*, 851 F.3d
11  910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120
12  (2d Cir. 2010)).

13  Regardless, Configit's assertion that Versata's allegations are limited to
14  matters alleged on "information and belief" is incorrect.  Configit's continuing
15  misappropriation of Versata's Trade Secrets by using, marketing, and selling
16  Configit's software embodying those Trade Secrets, are supported by additional
17  allegations in the FAC demonstrating acts occurring after the DTSA's effective
18  date.  *See, e.g., VIA Techs., Inc. v. ASUS Computer Int'l*, 2015 WL 3809382, at *4
19  (N.D. Cal. June 18, 2015) ("[M]arketing goods that embody the trade secret
20  constitutes use of the trade secret.").  For example, Versata alleges, with citations to
21  supporting evidence, that Configit marketed its infringing Configit Ace and Model
22  software and presented product demonstrations in 2017 and 2018 at multiple trade
23  shows throughout the country.  Dkt. 25, at 18, ¶¶ 52-54; 24-25, ¶¶ 70-72, 34, ¶¶ 96-
24  98; 44, ¶¶ 120-122.  Versata further alleges that Configit's infringing software is
25  used in the U.S. and hosted on U.S.-based servers.  Dkt. 25, at 17, ¶ 51; 24, ¶ 69;
26  33, ¶ 95; 43-44, ¶ 119.  Accordingly, such conduct is sufficient to state a claim
27  under the DTSA because it post-dates the effective date of the act on May 11, 2016.
28  Similarly, with regard to CUTSA, Configit's attempt to avoid liability by

invoking the "extraterritoriality doctrine" defies Configit's admissions made while seeking dismissal in Texas, as referenced in the FAC.  *See* Dkt. 25, at 2-3, ¶ 7 (citing *Versata Software, Inc.*, No. 6:19-CV-579 (W.D. Tex. Jan. 27, 2020) [Dkt. 12], Def's Combined Motions to Dismiss at 12).  Specifically, to support Configit's jurisdictional challenge in Texas, Configit's Chief Strategy Officer admitted that "***Configit A/S directs its business and marketing activities towards the State of California***" and "recently attended the PI PLMx trade show in San Diego, California (San Diego County), which took place November 11-12, 2019."  Ex. 1, Declaration of Conor M. Civins (Declaration of Henrik Reif Andersen, hereinafter "Andersen Decl."), at ¶ 9 (emphasis added). [13]  Accordingly, the FAC sufficiently alleges acts of misappropriation in California.  *See VIA Techs*, 2015 WL 3809382, at *4.

## III.   DISMISSAL OF VERSATA'S PATENT INFRINGEMENT CLAIMS (COUNTS I AND II) IS IMPROPER

Because Versata's infringement claims are amply supported by the allegations in FAC, dismissal is inappropriate under Rule 12(b)(6).  *See In re Bill of Lading Transmission & Processing Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (citing *Skinner v. Switzer*, 552 U.S. 521, 529-530 (2011)) (Plaintiff need not "prove its case at the pleading stage).

### A.   VERSATA'S DIRECT INFRINGEMENT CLAIMS ARE SUFFICIENTLY PLEADED

Versata's direct infringement allegations exceed Rule 8's pleading requirements. Configit's argument that Versata's allegations are mere "guesswork" is contrary to controlling law, Configit's own admissions, and disregards the allegations in the FAC,

---

[13] Configit's prior jurisdictional admissions are referenced in Dkt. 25, at 2-3, ¶ 7 and are a matter of public record, thus properly considered on a motion to dismiss. *Javo Beverage*, 2019 WL 6467802, at *2 ("At the motion to dismiss stage a court may consider materials incorporated into the complaint or matters of public record, without converting the motion to dismiss into a motion for summary judgment.") (citing *Coto Settlement v. Eisenberg.*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

which must be accepted as true with all reasonable inferences in Versata's favor.

### 1.    Versata Sufficiently Alleges That Configit's Software Infringes

A patent infringement complaint merely "must place the 'potential infringer ... on notice of what activity ... is being accused of infringement.'" *Pres. Techs. LLC v. MindGeek USA Inc.*, 2019 WL 3213585, at *2 (C.D. Cal. Apr. 2, 2019) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).  Relying on Federal Circuit precedent, courts in this district hold that patent infringement allegations are sufficiently pleaded if the patent holder "cite[s] the patent that is allegedly infringed; … describe[s] the means by which the defendants allegedly infringe; and … point[s] to the specific sections of the patent law invoked." *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc.*, 2018 WL 6380887, at *3 (C.D. Cal. June 19, 2018) (citations omitted).  Moreover, a plaintiff is "not required[d] … to plead facts establishing that each element of an asserted claim is met." *Nalco*, 883 F.3d at 1350.  Patent infringement allegations have been sufficient even where "the allegation was merely 'that the accused product meet each and every element of at least one claim of the [Asserted Patents], either literally or equivalently.'" *Pres. Techs.*, 2019 WL 3213585, at *2 (quoting *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (internal quotations omitted); *see also Incom Corp. v. Walt Disney Co.*, 2016 WL 4942032, at *3 (C.D. Cal. Feb. 4, 2016) ("Plaintiff has stated a plausible claim for direct infringement by specifically identifying Defendants' products and alleging that they perform the same unique function as Plaintiff's patented system.").

Here, Versata's FAC specifically identifies the infringing Configit software (Configit Ace and Configit Model), further describes the infringing functionality, and alleges that the accused software infringes the limitations of at least claim 1 of each Asserted Patent.  *See* Dkt. 25, at 12-13, ¶¶ 39-41; 19-20, ¶¶ 59-61; 26-27, ¶¶ 79-81; 35-36, ¶¶ 104-107.  Although no more is required to satisfy pleading requirements,

Versata also provides specific descriptions of how the accused software practices the claimed inventions, which are supported by citations to evidence, including Configit's advertisements, evaluations, manuals, and screenshots. *See* Dkt. 25, at 12-17, ¶¶ 41-49; 20-23 ¶¶ 61-66; 27-30, ¶¶ 81-92; 36-37, ¶¶ 105-117.[14] These allegations are more than sufficient to plausibly allege that Configit's infringing software practices the claimed inventions. *See CLM Analogs*, 2018 WL 6380887, at *3 (holding that Rule 8(a) only required plaintiff to cite the asserted patent, describe the means by which defendants allegedly infringe, and point to the patent law invoked); *Incom*, 2016 WL 4942032, at *3; *Endonovo Therapeutics, Inc. v. KVP Int'l, Inc.*, 2019 WL 5191856, at *4 (C.D. Cal. June 12, 2019) (Kronstadt, J.) (applying pleading standard articulated in *Disc Disease,* 888 F.3d at 1256, and finding infringement allegations more than sufficient).

## 2. Configit's Arguments Improperly Rely on Premature Claim Constructions

Configit argues that Versata's infringement allegations are insufficient because, according to Configit, the asserted claims should be construed narrowly to describe "two very specific methods of operating on 'product configuration[s]' and 'configuration models,'" and "a very specific sequence of steps to be executed, for very specific purposes." Dkt. 29-1, at 14. Configit's arguments necessarily implicate issues of claim construction which are premature at the pleading stage. Presumably, Configit has desired claim constructions in mind requiring a preferred order for the recited steps. Yet, "[u]nless the steps of a method actually recite an order, the steps

---

[14] *See, e.g.,* Dkt. 25, at 13-14, ¶ 44 (example of "Integrated test and validation environment"); 15-16, ¶ 47 ("Testing and validation … Ace contains powerful test and validation tools that ensure the configuration logic is correct before it is released to downstream systems such as global websites and ordering portals); 16-17, ¶¶ 48-49 (With regard to Configit Ace, identifying exemplary "explanation data for explaining the cause of the detected configuration error."); 20-21, ¶¶ 61-62 (With regard to Configit Model, describing "Testing and Debugging" and "use[] within the development environment to test, validate, and refine the rules."); 22-23, ¶ 66 (exemplar of Configit Model "Using the Debugger to validate models.").

are not ordinarily construed to require one." *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1369-70 (Fed. Cir. 2003) (quotation omitted); *see Techno View IP, Inc. v. Sony Interactive Entm't LLC*, 2018 WL 3031518, at *5 (C.D. Cal., Apr. 18, 2018) (declining to construe method claims as requiring a preferred order at the pleading stage). Moreover, Configit impermissibly reads limitations into the claims relating to a user's "choice," *see* Dkt. 29-1, at 14-15 — language that does not appear in the asserted claims.

Configit, in effect, requests that the Court resolve issues of claim construction in Configit's favor at the pleading stage and further accept Configit's anticipated non-infringement defenses based on Configit's preferred constructions. This is plainly not a permitted ground for dismissal under Rule 12(b)(6). *See Document Sec. Sys., Inc. v. Nichia Corp.*, 2020 WL 3881623, at *2 (C.D. Cal. Mar. 4, 2020) ("It is clear to the Court that this [claim construction issue] should be resolved at the claims construction stage, and not at the dismissal stage.").

### 3. Versata Sufficiently Alleges That Configit Performed Acts of Direct Infringement

Versata sufficiently alleges that Configit is liable for acts of direct infringement in the U.S., as further proven by Configit's own admissions concerning its direction and use of the infringing software in this country.

### (a) Versata Sufficiently Alleges Configit Directed the Use of and Used Its Software in the U.S.

Configit argues that Versata's claims should be dismissed because Versata has no proof that Configit used the infringing software in the U.S., including at the various U.S.-based events and trade shows identified in the FAC. But Configit's arguments are proven false by Configit's own admissions made while challenging jurisdiction in Texas. In fact, Configit's co-founder expressly admitted that he personally "travelled to Michigan multiple times, where ***we demonstrated our software to the manufacturer***." Andersen Dec., ¶ 5 (emphasis added). Configit further admitted that

it "***led a consultancy project*** for the [U.S.-based] manufacturer in 2018 ***with the object of evaluating Configit's software's feasibility for handling the manufacturer's configuration problems.***" *Id*. (emphasis added). Configit's direction of a consulting project to evaluate its software in the U.S., at a minimum, supports a plausible inference that Configit directed and controlled the use of its infringing software in this county. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015) (direct infringement "can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance.").

Configit's admissions alone are more than sufficient to support allegations of direct infringement, and warrant the denial of Configit's motion. However, Versata's FAC further identifies acts of direct infringement while using Configit's infringing software at other promotional events and trade shows in the U.S. *See* Dkt. 25, at 18, ¶¶ 52-54; 24-25, ¶¶ 70-72. Configit's argument that Versata has not shown that Configit executed its software at these events is again contradicted by Configit's admissions: "Configit A/S representatives hosted an Automation Alley industry group event ... ***where Configit's software's capabilities were demonstrated.***" Andersen Decl., ¶ 5 (emphasis added).

**(b)    Versata Sufficiently Alleges that Configit Has Utilized U.S.-Based Computing Systems**

Versata further alleges that Configit directly infringes the asserted claims via Configit and/or its customers' use of U.S.-based servers or cloud resources. *See* Dkt. 25, at 17-18, ¶ 51; 24, ¶ 69; 33, ¶ 95; 43-44, ¶ 119. Configit fails to accept the truth of Versata's allegations and disregards the reasonable inferences that may be drawn from them.[15] *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32

---

[15] Configit's assertion that "Configit A/S has no offices in the U.S," Dkt. 29-1, at 1, is incorrect based on the publicly available information on its website. Specifically,

(9th Cir. 2008).   While Configit mischaracterizes Versata's allegations as mere "guesses," Configit's jurisdictional admissions in the Texas, at a minimum, lead to reasonable inferences that Configit directs and controls the operation and evaluation of its software in the U.S. for its customer.  *See* Andersen Dec., ¶ 5 (Configit led U.S.-based consulting project).   Further, Configit does not credibly dispute additional inferences regarding Configit's direction or use of infringing software at U.S.-based customers that may be drawn from Versata's allegations that "it is customary in the industry to locate server resources for cloud-based operations as close to customers as possible" and that "[a]ll major cloud providers utilize multiple US-based hosting regions."  Dkt. 25, at 14, ¶ 69.

Configit attempts to analogize Versata's FAC to the pleadings in *Uniloc 2017 LLC v. Zenpayroll, Inc.*, 2021 WL 271800, at *5 (D. Del. Jan. 27, 2021), but that case is inapposite.  The claims at issue in *Uniloc 2017* were drawn towards a specific server system configuration itself.  *Id.* at *3.  By contrast, Versata's method claims do not themselves recite specific server elements, instead describing a "computer system."  *See, e.g.,* '612 patent at claim 1; '766 patent at claim 1.  And unlike in *Uniloc 2017*, Configit admitted that it has directed the use of its software for U.S.-based customers.   Accordingly, Versata has adequately stated a claim for direct infringement on the independent ground that Configit directed or used its infringing software on U.S.-based servers and cloud systems.

### 4.   If Required, Leave to Amend Would Not Be Futile

Configit asserts that "the amendment of the pleadings would be futile" based on Configit's status as a Danish corporation, and a variety of non-existent limitations on the ways in which it contends infringement could occur.  Dkt. 29-1, at 18.   No

---

Configit's timeline on its "about us" webpage states that in 2018 Configit's "Office opened in Detroit, Michigan."  https://configit.com/about/about-us/.  However, as explained above, Versata properly alleges additional bases for direct infringement, and, therefore, the Court need not resolve this issue to deny Configit's motion.

amendment is required for the reasons discussed above.  However, even if the Court were to find that further allegations are necessary, then leave to amend is the proper remedy.  *See Doc's Dream*, 678 Fed. App'x. at 542.

## B.  VERSATA'S INDIRECT INFRINGEMENT CLAIMS ARE PLAUSIBLE AND SUPPORTED BY THE PLEADINGS

Versata's indirect infringement claims are sufficiently alleged under controlling Federal Circuit precedent and the applicable pleading standards.

### 1.  Configit Has Requisite Knowledge of the Asserted Patents for Indirect Infringement

Versata has properly alleged that Configit acquired knowledge of the Asserted Patents from at least the time it accepted service of the original Complaint filed in this case.  Such allegations are sufficient to plead a claim for indirect infringement under controlling Federal Circuit precedent.  *See Bill of Lading,* 681 F.3d at 1343-45 (finding indirect infringement adequately pleaded where it was alleged that the accused infringer became aware of patent "when it was served with the complaint").  As courts in this district hold, "[a] defendant should not be able to escape liability for postfiling infringement when the complaint manifestly places the defendant on notice that it allegedly infringes the patents-in-suit."  *MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020, 1025 (C.D. Cal. 2014).

Configit argues there is a split within the Central District of California by citing to *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680 (C.D. Cal. May 15, 2012), and a few cases following in its immediate wake.  Configit relegates the Federal Circuit's controlling decision in *Bill of Lading*, which issued only one month after *Proxyconn*, and more recent decisions from this district, to a footnote.  Dkt. 29-1, at 19 n.17.  For example, in *Teradyne, Inc. v. Astronics Test Sys., Inc.* the court expressly held that "[t]he Federal Circuit has found that claims of indirect infringement were sufficient where they alleged that defendants were aware of the patent when they were served with the complaint."  2020 WL 8173024, at *5 (C.D. Cal, Nov. 6, 2020) (citing

*Bill of Lading*, 681 F.3d at 1344); *see also MyMedicalRecords,* 1 F. Supp. 3d at 1025-26 (discussing *Bill of Lading* and denying motion to dismiss indirect infringement claims based on post-suit knowledge pleading).

Configit attempts to shoehorn Versata's FAC into the *Proxyconn* line of cases, *see* Dkt. 29-1 at 19, but the policy concerns at issue in *Proxyconn* are not presented here.  For example, in *Proxyconn*, the court speculated that an accused infringer may cease infringement based on the notice provided by the service of the complaint. *Proxyconn*, 2012 WL 1834680, at \*7.  Instead, Configit continues to infringe Versata's patent claims by the use and sale of the Configit's infringing software. There is no judicial efficiency in depriving Versata the ability to adjudicate legitimate claims of patent infringement in this lawsuit.  Nor would it be appropriate to grant Configit "carte blanche to continue to indirectly infringe a patent — now with full knowledge of the patents-in-suit" — because Configit claims ignorance of the patents prior to service of the complaint.[16]  *MyMedicalRecords*, 1 F. Supp. 3d at 1025.

Configit's subsequent mischaracterizations of Versata's litigation behavior and alleged delay are unavailing.  *See* Dkt. 29-1, at 19-21.  As Configit itself points out, the '612 patent did not even issue until July 23, 2019.  Moreover, Configit's erroneous speculation about Versata's litigation strategy and motives are without basis.

## 2. Versata Sufficiently Alleges Configit's Induced Infringement by Continued Promotion of the Infringing Software and the Lack of Non-Infringing Uses

Versata's FAC cites materials promoting the use of the infringing functionality and describing how it can be used in an infringing manner. *See* Dkt. 25, at 12-17 ¶¶ 41-49; 20-23, ¶¶ 61-66; 27-33, ¶¶ 81-92; 36-43, ¶¶ 106-117.  These allegations are sufficient to plead induced infringement.  *See Bill of Lading*, 681 F.3d at 1341-42

---

[16] Versata believes that discovery will reveal further evidence that Configit had pre-suit notice of its patents given the manner in which Configit unlawfully accessed Versata's software to misappropriate its trade secrets.

("Common sense indicates that advertising that your product can be used [to perform infringing functions] gives rise to a reasonable inference that you intend to induce your customers to accomplish these benefits through utilization of the patented method."); *Endonovo*, 2019 WL 519856, at *5 (finding allegations sufficient to support inducement).  While Configit argues that these materials do not sufficiently teach or instruct infringement, the Federal Circuit has rejected the argument that a plaintiff is required to "provid[e] statements from [the defendant] which specifically instruct [the defendant's] customers to perform all of the steps of the patented method." *Bill of Lading*, 681 F.3d at 1341.

Configit cites *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185 (D. Or. 2015), but *Memory Integrity* illustrates that Versata's inducement allegations are sufficient.  There, the court held that "Intel's sale of products that customers could use in an infringing manner — without distributing documents or taking other actions that encourage such use — does not support an inference that Intel specifically intended to induce infringement." *Id.* at 1197.  The court further distinguished Intel's documents from cases holding that advertisements are sufficient to support inducement because Intel's documents did not "closely track[] the claimed features and benefits of the asserted patents." *Id.*[17]  By contrast, Versata identifies ample materials that tout the benefits of Configit's infringing software, which closely track the benefits of the claimed invention.  *Compare, e.g.,* '766 patent, Abstract ("The invention provides the ability to test rules in a rule-based system for configuring a product), and '612 patent, Abstract ("[M]odel consolidation process" in which "incompatibilities or contradictions between models are detected and automatically resolved where possible" or "the model consolidation process produces a description of the problem"),

---

[17] Even the court's decision in *Memory Integrity*, recognizes that "[e]vidence of 'active steps ... taken to encourage direct infringement,' ... such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe ... ."  144 F. Supp. 3d at 1193.

*with* Dkt. 25, at 15-16, ¶ 47 ("Ace contains powerful test and validation tools that ensure the configuration logic is correct before it is released to downstream systems such as global websites and ordering portals."); 22-23, ¶ 66 ("Configit – Model. Using the Debugger to validate models.  Explaining why rules are conflicting."); 31-32, ¶ 91 ("The compilation step solves the difficult part of the configuration problem by computing the VT-representation of the set of all valid configurations.").[18]

Configit further argues that it should be permitted to avoid liability for induced infringement because Versata's FAC cites documents prepared before service of the original Complaint.  Of course the FAC does.  Those materials support a reasonable inference that Configit continues to promote its products to customers with the same or similar materials, and the information contained therein.

Configit's argument that Versata has not pleaded the lack of non-infringing uses is similarly without merit.  Courts in this district hold that allegations of the lack of non-infringing use are to be accepted as true and are sufficient to maintain contributory infringement claims.  *See Teradyne*, 2020 WL 8173024, at *5 (allegation that "[d]efendant's product are 'not a staple article or commodity of commerce suitable for substantial non-infringing use'" and "similar allegations [are] sufficient to survive a motion to dismiss") (citations omitted).  Configit's vague reference to the purported possibility of non-infringing uses is premised on the same premature claim construction arguments advanced with respect to Versata's direct infringement claims, which are improper in a Rule 12(b)(6) motion for the reasons stated above.

---

[18] *See also, e.g.,* Dkt. 25, at 12-13, ¶ 41 ("collaborative, intuitive rule authoring … can simultaneously build and maintain configuration product models" and "Integrated debugging tools … [a]ccurately validate product models."); 20-21, ¶ 62 ("Configit Software's technology can then be used iteratively within the development environment to test, validate, and refine the rules."); 27, ¶ 81 ("Import and adapt product information from EP or PLM systems" and "Testing and debugging tools [to] [a]nalyze product models before release."); 28-29 ¶ 87 ("Use Model's built-in compiling tools to validate your product models and optimize their runtime performance.").

### C.   VERSATA'S WILLFUL INFRINGEMENT CLAIMS ARE PLAUSIBLE

Versata's willful infringement claims are based on more than mere post-suit knowledge of the Asserted Patents.  Versata alleges that "Configit knew, or should have known, at the time it acquired access to ACM, Retail Config, that Versata had intellectual property rights, including patent rights, in these technologies that were necessary to practice in order to compete with Versata."  Dkt. 25, at 10, ¶ 31.  The unlawful manner in which Configit gained access to, and misappropriated Versata's intellectual property, leads to reasonable inferences that Configit knows its infringing software includes functionality claimed in Versata's Asserted Patents, yet continues to use and provide its software in reckless disregard of Versata's patent rights.  Such allegations are sufficient "[u]nder the less rigid standard announced in *Halo*." *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 473, (D. Del. 2016) (denying motion to dismiss on post-suit willfulness).

Versata believes that discovery will reveal further evidence that Configit had pre-suit knowledge of the Asserted Patents.  However, if the Court determines that the allegations in FAC lack sufficient factual basis at this time, Versata is amenable to dismissal without prejudice to allege willful infringement after it develops a more complete factual record during discovery.

## IV.   <u>CONCLUSION</u>

For at least the foregoing reasons, Configit's motion to dismiss pursuant to Rule 12(b)(6) should be denied.

DATED:  March 31, 2021           KINSELLA WEITZMAN ISER KUMP LLP

By: _____

Alan Kossoff
Attorneys for *Plaintiffs Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc.*

1
2

## **CERTIFICATE OF SERVICE**

3
4
5
6

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 31, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

7
8
9
10

Alan Kossoff

11
12
13

Attorneys for *Plaintiffs Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc.*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28