David M. Hoffman (to be admitted *pro hac vice*)
hoffman@fr.com
FISH & RICHARDSON P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701
Telephone: (512) 472-5070
Facsimile: (512) 320-8935

Seth M. Sproul (SBN 217711)
sproul@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Telephone: (213) 533-4240
Facsimile: (858) 678-5099

*Counsel for Defendant, Configit A/S*

*[Additional Counsel Listed on Signature Block]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| VERSATA SOFTWARE, INC. f/k/a TRILOGY SOFTWARE, INC. and VERSATA DEVELOPMENT GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CONFIGIT A/S, <br><br> Defendant. | Case No. 2:20-cv-09019-JAK(MRWx) <br><br> **CONFIGIT A/S'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** <br><br> Date:         June 7, 2021 <br> Time:        8:30 a.m. <br> Courtroom:  10B <br> Judge:       Hon. John A. Kronstadt |

## I.    TRADE SECRET CLAIMS SHOULD BE DISMISSED

Versata's claims under the Defend Trade Secrets Act ("DTSA") and California Uniform Trade Secrets Act ("CUTSA") should be dismissed. First, the statute of limitations has expired on these claims. Second, Versata has not demonstrated that any of its trade secrets remain actionable after Configit's alleged disclosures. Beyond this, Versata's allegations are insufficient under the pleading standard.

### A.    THE STATUTE OF LIMITATIONS HAS EXPIRED

Versata's DTSA and CUTSA claims are non-starters. The laws under which Versata brings these claims expressly impose three-year statutes of limitations.  18 U.S.C. § 1836(d); Cal. Civ. Code § 3426.6. The '396 and '808 patents that Versata alleges disclose its trade secrets were published on April 30, 2015 and November 19, 2015, respectively. Thus, the statute of limitations began no later than November 19, 2015. Versata's Original Complaint, Dkt. 1, was filed on October 1, 2020, more than three years after both '396 and '808 patent applications published. These facts are not in dispute.

Versata argues that the '396 and '808 patents' publications did not provide *actual* notice. Versata posits that the accrual date for the statute of limitations is October 8, 2016. Opp'n at 7. Versata apparently derives this date by subtracting three years from its Texas complaint filing date, October 8, 2019. *See* Dkt. 29-6 (*Versata Software, Inc. f/k/a Trilogy Software, Inc. v. Configit A/S*, No. 6:19-CV-579 (W.D. Tex.), Dkt. 1. Both arguments are legally flawed.

#### 1.    Versata is Deemed by Law to be on Notice and Does Not Even Argue Diligence

Publication of Configit's patent applications put Versata on notice as a matter of law and started the statute-of-limitations period no later than November 19, 2015. *See Klang v. Pflueger*, 2014 WL 12587028 at *2–5 (C.D. Cal. Oct. 2, 2014) (granting motion to dismiss, stating: "[t]he Ninth Circuit has recognized that issuance of a

1    patent and recordation in the Patent Office constitute notice to the world of its
2    existence. Where the contents of a patent should alert a plaintiff of the need to inquire
3    further, that plaintiff is on constructive notice of the patent." (citations omitted)); *see*
4    *also e.g.*, *Wang v. Palo Alto Networks, Inc.*, 2014 WL 1410346, *6 (N.D. Cal. Apr.
5    11, 2014) ("[S]urely publication of patents (and now patent applications) must be
6    deemed, as a matter of law, to place those practicing in the same field and prosecuting
7    their own patent applications in the same field on full notice of all of the contents of
8    the publication."). Nothing in Versata's opposition changes this law.

9         Given that the law is clear, Versata tries to distract from this by arguing that it
10   lacked actual knowledge of the '396 and '808 patents prior to the expiration of the
11   statute of limitations. Opp'n at 4. These arguments fail for two reasons. First, Versata
12   is "deemed, as a matter of law" to be on notice as of November 16, 2016 because it
13   meets the legal requirements to be so "deemed." Indeed, its own pleadings make this
14   undeniable. Versata expressly admits that it practices in the same field as Configit
15   A/S. *See* Dkt. 29-2 (Sproul Decl.) at ¶ 5 Ex. 4, *Versata Software Inc. v. Configit A/S*,
16   No. 6:19-cv-00579-ADA, Dkt. 1 (Compl.) ¶ 52. And Versata admits that it was aware
17   of Configit A/S as a configuration software provider years ago. Dkt. 25 (FAC) ¶¶ 22–
18   23. The '396 and '808 patents (both entitled "Product Configuration") were filed by
19   Configit A/S and published naming Configit A/S as the assignee. Dkt. 25-1 at 1, 37.

20        Versata similarly does not dispute that it actively prosecutes patents in the
21   product configuration field. It was prosecuting configuration software and automotive
22   patents in 2015, including one of the patents in this case (the '612 patent). *See, e.g.*,
23   Dkt. 29-2 (Decl. of Seth M. Sproul ("Sproul Decl.")) at ¶ 2 Ex. 1 (U.S. Patent No.
24   9,342,628), 1:35–56 (filed July 23, 2014); *id*. at ¶ 3 Ex. 2, U.S. Patent No. 9,639,803,
25   1:26–55 (filed November 24, 2014); *id*. at ¶ 4 Ex. 3, U.S. Patent No. 9,858,121, 1:15-
26   24 (filed July 13, 2016). Indeed, the USPTO lists 155 patents assigned to Versata. *See*
27   Ex. A. Beyond this, Configit patents or patent applications were cited by the U.S.
28

1    Patent Office against Versata on at least a half-dozen occasions prior to 2016—further
2    showing that Versata was not only actively prosecuting its own patents in the field,
3    but also being given actual notice by the Patent Office that Configit A/S was also
4    actively patenting in the field. *See* Ex. B.[1]

5        Versata should thus be deemed by law to be on notice as of 2015. However,
6    even this is not required to bar Versata's claims because under 18 U.S.C. § 1836(d)
7    the statute of limitation accrues when the action is discovered or "***by the exercise of***
8    ***reasonable diligence should have been discovered***." (emphasis added). *See also* Cal.
9    Civ. Code § 3426.6 (similar language). ***Actual notice is not required***. The amended
10   complaint never even attempts to argue that reasonable diligence (e.g., a PTO search)
11   would not have identified the Configit A/S patent applications.

12       Versata's cited cases are inapposite. Versata repeatedly relies on *Javo*, *see*
13   Opp'n at 5, 7, 9, 15, where the Court reasoned: "it would be unreasonable to require
14   a company that consciously chooses the proprietary trade secret route over the patent
15   protection route to devote significant time and resources searching for any relevant
16   patents within its industry . . . ." *Javo Beverage Co. v. California Extraction Ventures,*
17   *Inc.*, 2019 WL 6467802, at *3 (S.D. Cal. Dec. 2, 2019). This is not the case with
18   Versata. Versata is a self-proclaimed "leader" in product configuration software that
19   regularly pursues patents, including the patents in this case and numerous others.

20       Arguing that it had no duty to look at third-party patents, Versata also relies (at
21   6), on decisions that are unrelated to trade secrets. *Gen. Elec. Co. v. Wilkins*, 2011
22   WL 3163348 (E.D. Cal. July 26, 2011) (addressing patent ownership dispute, refusing
23   to burden a single inventor to scour all patents issued to a multinational corporation);
24   *Onyx Pharm., Inc. v. Bayer Corp.*, 2011 WL 7905185 (N.D. Cal. May 10, 2011)
25   (addressing a contract dispute over ownership of a chemical compound); *Katz v.*

26
27   _____
[1] U.S. Pat. App. Pub. 2002/0165701 is a publication of a U.S. patent application filed
     by Configit A/S that later became U.S. Patent No. 7,584,079.  Exhibit B shows
28   Versata's patents that cite one or both of these.

1    *Avanir Pharm.*, 2006 WL 8455491 (S.D. Cal. June 29, 2006) (addressing an
2    ownership/contract dispute). None of these decisions apply here.

3         **2.      Neither Tolling Nor Section 1376(d) Save Versata's Claims**

4         Versata asserts for the first time that the statute of limitations should be tolled
5    as of October 8, 2019 based on the doctrine of "equitable tolling." Opp'n at 3–4.
6    However, this equitable tolling argument is merely a distraction from the real issues.
7    It does not apply here and even if it did, the outcome would be the same. First, even
8    if this Court were to equitably toll starting October 8, 2019, the three year statute
9    would still be exceeded. Indeed, when Versata previously filed suit in Texas, Configit
10   A/S moved to dismiss that case as time barred.[2]  With either the CA filing date or the
11   TX filing date, Versata's claims are time barred.

12        Also, equitable tolling should be "applied sparingly," *Scholar v. Pac. Bell*, 963
13   F.2d 264, 268 (9th Cir. 1992), and the facts here do not support its application. Versata
14   chose to bring its case in Texas federal court to secure what it viewed as a favorable
15   forum. Beyond this, "it is generally accepted that a dismissal without prejudice leaves
16   the situation the same as if the suit had never been brought, and that in the absence of
17   a statute to the contrary a party cannot deduct from the period of the statute of
18   limitations the time during which the action so dismissed was pending." *Wilson v.*
19   *Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987). Versata identifies no such
20   statute and has not plead equitable tolling or grounds for an equitable tolling defense.
21   *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.
22   Ed. 2d 196 (1984); *see also Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221,
23   227 (2012) (describing a "long-settled equitable tolling principle" that the "litigant
24   seeking equitable tolling bears the burden of establishing [its] elements"); *Wasco*
25   *Prods. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006) ("Federal courts

26

27   _____
     [2] The Texas case was dismissed for lack of personal jurisdiction without any decision
28       on the statute of limitations.

1 | have repeatedly held that plaintiffs seeking to toll the statute of limitations on various
2 | grounds must have included the allegation in their pleadings[.]").

3 |     Versata's reliance on 28 U.S.C. § 1367(d), Opp'n at 4 n.4, is also misplaced.
4 | "[T]he tolling provision of 28 U.S.C. § 1367(d) applies only to supplemental state law
5 | claims that are re-filed in state court subsequent to dismissal, not to a new case filed
6 | in another federal court," like here. *See Centaur Classic Convertible Arbitrage Fund*
7 | *Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1019 (C.D. Cal. 2011)
8 | (dismissing an untimely suit and refusing to apply tolling). And contrary to Versata's
9 | assertion, the California tolling standard does not apply to its federal trade-secrets
10 | claim. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988) (stating
11 | *federal* equitable tolling doctrine applies for a *federal* statute of limitations).

12 | **B.**     **VERSATA'S TRADE SECRET CLAIMS ARE FUTILE**

13 |     Publication of Configit's patent applications extinguished Versata's trade
14 | secrets. "[D]isclosure of a trade secret in a patent application extinguishes the
15 | information's trade secret status." *Attia v. Google LLC*, 983 F.3d 420, 426 (9th Cir.
16 | 2020) (affirming the dismissal of DTSA claims); *Ruckelshaus v. Monsanto Co.*, 467
17 | U.S. 986, 1002 (1984) ("Information that is public knowledge or that is generally
18 | known in an industry cannot be a trade secret."); *Stutz Motor Car of Am., Inc. v.*
19 | *Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1359 (C.D. Cal. 1995), *aff'd*, 113 F.3d 1258
20 | (Fed. Cir. 1997) (noting, re CUTSA: "unprotected disclosure of the holder's secret
21 | terminates the existence of the trade secret"). Moreover, for patents that published
22 | before the DTSA's effective date (May 11, 2016), like the '396 and '808 patent
23 | applications, DTSA claims based on the trade secrets disclosed therein are barred.
24 | *Attia*, 983 F.3d at 426 ("[D]isclosure of a trade secret prior to the DTSA's enactment
25 | does not preclude a misappropriation claim arising after enactment, ***to the extent that***
26 | ***the pre-enactment disclosure was not a patent publication***." (emphasis added)).

27 |     To escape this, Versata asserts that its trade secrets range beyond those

28 |

disclosed in the '396 and '808 patents. Versata invites the Court to conclude, without analysis, that it possesses different technology than those disclosed in Configit's patents, described in FAC at ¶¶ 26–27. Opp'n at 9. This is irrelevant, as the statute of limitations for ***all*** alleged trade secret claims accrues from the ***first*** discoverable misappropriation, which here is the publication of the Configit patent applications; later acts do not get new deadlines. *See Intermedics, Inc. v. Ventritex, Inc.*, 822 F.Supp. 634, 657 (N.D.Cal.1993) (Judge Brazil) (explaining that the statute of limitations begins to run for all trade secret claims against a given defendant at the same time). Also, Versata must "delineate the boundaries between its trade secrets and its information that has been made public through patents and patent applications," otherwise dismissal is proper. *AlterG v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1146 (N.D. Cal. 2019); *see also Space Data Corp. v. X*, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) (similar). Versata has not done so. *See Attia*, 983 F.3d at 426 (holding a plaintiff has a viable trade secret claim "only if he reveals implementation details and techniques beyond what was disclosed in his patent.'").

Contrary to Versata 's assertion, Opp'n at 10, *Attia*'s holding is independent of which party discloses the trade secret. *Attia*, 983 F.3d at 426–27 ("Attia cites no authority to suggest that, in the context of the DTSA, a party is estopped from pointing to its pre-enactment disclosure in a patent application to defend against a misappropriation claim arising from post-enactment continued use."). Versata cites out-of-circuit decision *RhonePoulenc*, Opp'n at 10, to propose a carve-out where the defendant disclosed the alleged trade secrets, which this Circuit has rejected. *See Attia*, 983 F.3d at 427. Such a rule would also unfairly presume the defendant's guilt.[3]

---

[3] While Versata now offers to disclose "further detailed description of the trade secrets . . . " Opp'n at 12 n.11, it has had three chances to do so.

## C.   VERSATA'S ALLEGATIONS LACK SPECIFICITY

Versata's opposition does not compensate for its poorly pled trade secrets allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2009); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Dismissal of Versata's DTSA claims is appropriate because it makes only conclusory or unclear allegations for the timing of misappropriation. *See Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, 2017 WL 1436044, at *5 (N.D. Cal. Apr. 24, 2017). Versata's Amended Complaint simply recites, on "information and belief," generic features that might be in any piece of configuration software. *See* Dkt. 25 (FAC) at ¶ 11. Indeed, new paragraph 11, upon which Versata now bases its argument, contains a laundry list of almost meaningless generic buzzwords, such as "tools that allow users to avoid using programming or technical statements to navigate and edit rule logic" and "environments that map to automotive organizations and support separate workflow." These are not cognizable trade secrets. At best, they are general high level concepts. Moreover, many of these general concepts appear in Versata's own public patent applications, such as "removing non-buildable rules," which is the exact subject matter of the asserted '612 patent. Beyond this, Versata makes no attempt to provide a plausible rule 11 basis for believing that Configit's products include each of the listed technical buzzwords.

Versata attempts to distinguish *Cave Consulting* by arguing that it did not involve allegations of continuing misappropriation. Opp'n at 13. But this is immaterial, as general allegations of continued use are insufficient to state a claim under the DTSA. *See Nelson Bros. Prof'l Real Estate LLC v. Jaussi*, 2017 WL 8220428, at *7 (C.D. Cal. June 27, 2017) (dismissing post-enactment DTSA claims based on unsupported allegations of continued misappropriation). "[W]ithout **facts** about when post-enactment [trade secret] use occurred" (emphasis added) such allegations are insufficient. *Cave Consulting*, 2017 WL 1436044 at *5. Versata's complaint contains no such facts. Versata's reference, at 15, to Configit A/S's CEO,

1   Henrik Reif Andersen's assertion that Configit A/S directs its marketing towards
2   California does not remedy the underlying issue that Versata did not sufficiently
3   allege trade secret misappropriation in the first place.

4       Attempting to retroactively bolster its post-enactment DTSA claims, Versata
5   repurposes its '766 and '612 *patent infringement* allegations. Opp'n at 14. Even if
6   these infringement assertions had been sufficiently pled, they would not compensate
7   for the complaint's insufficient DTSA allegations.

8   **II.   PATENT INFRINGEMENT CLAIMS SHOULD BE DISMISSED**

9       Versata's infringement claims re the '766 and '612 patents should be dismissed.

10      **A.   VERSATA FAILED TO SUFFICIENTLY ALLEGE
           INFRINGEMENT WITHIN THE UNITED STATES**
11

12      Versata offers no evidence that Configit A/S (a Danish corporation with no
13  U.S. employees) practiced the methods claims in the '766 and '612 patents at any
14  point in the U.S. Indeed, it cannot. It is axiomatic that, for infringement to occur, "all
15  steps or stages of the claimed process [must be] performed in the United States."
16  *Ormco Corp. v. Align Tech., Inc.*, 609 F. Supp. 2d 1057, 1067 (C.D. Cal. 2009).

17      Versata doubles-down on its flawed assumption that Configit A/S has U.S.
18  based cloud servers and that past participation in U.S. trade shows is sufficient to
19  allege infringement. To this, Versata now adds an argument that sales pitches made
20  to U.S. manufacturers were also infringing acts. Opp'n at 18–19. Even if true, these
21  alleged facts do not suggest that Configit practiced all the steps of the method in the
22  U.S.[4]  The asserted claims are not directed to a sales pitch; they are directed to a series
23  of specific, highly technical steps. S*ee Pulse Electronics, Inc. v. U.D. Electronic*

24

---

25  [4] Versata's reference in footnote 15 to an "Office opened in Detroit, Michigan" is a
26  reference to Configit, Inc., a U.S. based subsidiary of Configit A/S. If Versata had
    wished to sue Configit, Inc., it clearly could have. But, as a Configit, Inc. is a
27  domestic company, the patent venue rules would not have allowed Versata's case
    to proceed in either Texas or California. Given Versata's choice to sue a foreign
28  company alone to secure venue here (and previously in Texas), it cannot now try
    to rely on activities of the legally separate U.S. company to survive this motion.

1   *Corp.*, 3-18-cv-00373 (SDCA 2021-03-31, Order) (Roger T. Benitez) ("Assuming

2   arguendo that all Accused Products infringe the Patents-in-Suit, for its direct and

3   contributory infringement claims, Plaintiff must still prove, at a bare minimum, that

4   Defendant made, used, offered for sale, sold, or imported a UDE ICM within the

5   U.S."). The Court should dismiss these pleadings because they do not plausibly allege

6   facts sufficient to support Versata's infringement claim. *See Iqbal*, 556 U.S. at 679.

7   Speculation and guesses are not factual support.

8   ### B.    VERSATA'S SUIT CANNOT CREATE A NEW CLAIM

9           Versata's indirect-infringement claims remain deficient. *See* Mot. at 18–22.  To

10  adequately plead induced infringement, the complaint must allege facts that show "a

11  defendant knowingly induced infringement and possessed specific intent to encourage

12  another's infringement." *Wongab Corp. v. Nordstrom, Inc.*, 2017 WL 10439833, at

13  *4 (C.D. Cal. Sept. 21, 2017). For contributory infringement, the plaintiff must show

14  that the defendant knew its products were made or adapted for infringing uses and

15  "intended to encourage infringement." *Id*. Versata's allegations are inadequate.

16          Versata alleges that Configit A/S learned of the asserted patents through this

17  lawsuit. *See* Dkt. 25 (FAC) at ¶ 37. But, as Judge Connelly in Delaware recently

18  explained, "the purpose of a complaint is to obtain relief from an existing claim and

19  not to create a claim." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, No. CV 19-1687-

20  CFC-CJB, 2021 WL 1134687, at *7 (D. Del. March 24, 2021) *citing Helios*

21  *Streaming, LLC v. Vudu, Inc.,* 2020 WL 3167641, at *2 n. l (D. Del. June 15, 2020).

22  Judge Connelly continued explaining that "[t]he limited authority vested in our courts

23  by the Constitution and the limited resources made available to our courts by Congress

24  counsel against encouraging plaintiffs to create claims by filing claims. It seems to

25  me neither wise nor consistent with principles of judicial economy to allow court

26  dockets to serve as notice boards for future legal claims for indirect infringement and

27  enhanced damages." *Id.*

28

While not all Courts agree with Judge Connelly, many courts in this district and around the country have held that knowledge of infringement must pre-date the suit—post-date knowledge alone cannot create indirect infringement liability. *See, e.g.*, *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012); *Unilin Beheer B.V. v. Tropical Flooring*, 2014 WL 2795360, at *4 (C.D. Cal. June 13, 2014);). Versata relies on the decision by Judge Wright, *MyMedicalRecords, Inc. v. Jardogs LLC*, finding that pleading notice via service of the complaint was sufficient. 1 F. Supp. 3d 1020, 1025 (C.D. Cal. 2014). However, Judge Wright recognized this issue was "a murky, unsettled issue in patent law," and that *Proxyconn* was the leading case going the other way. *Id.* at 1024. Respectfully, this Court should follow *Proxyconn* and find that pleading notice via a complaint is insufficient.

## C.   VERSATA'S WILLFULNESS CLAIM FAILS WITHOUT PRE-SUIT KNOWLEDGE

Versata does not allege pre-suit knowledge of the patents or any egregious behavior. *See BlackBerry Ltd. v. Facebook, Inc.*, No. CV-18-1844 GW-KSX, 2018 WL 4847053, at *16 (C.D. Cal. Aug. 21, 2018) (granting motion to dismiss; "BlackBerry's willful infringement allegations . . . do not suggest the type of egregious behavior that would serve as a basis for an ultimate finding of willful infringement.). "[T]he majority of district courts in the Ninth Circuit have adopted the view that 'allegations of knowledge alone are not sufficient to state a claim for willful infringement.'" *Smith v. Extreme Performance 1, LLC*, 2020 WL 5092913, at *5 (C.D. Cal. June 23, 2020) (citation omitted). Versata is amenable to dismissal of its willfulness claims without prejudice, but Versata should not be allowed to engage in a fishing expedition to try and revive its baseless accusation of willful infringement.

## III.   CONCLUSION

For at least the aforementioned reasons, Configit A/S respectfully requests that the Court dismiss the entirety of Versata's Amended Complaint with prejudice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully Submitted,

Dated: April 21, 2021      FISH & RICHARDSON P.C.

By:   */s/ Seth M. Sproul*
David M. Hoffman (to be admitted *pro hac vice*)
hoffman@fr.com
111 Congress Ave., Suite 810
Austin, TX 78701
Telephone: (512) 472-5070
Facsimile: (512) 320-8935

Danielle J. Healey (to be admitted *pro hac vice*)
healey@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Seth M. Sproul (SBN 217711)
sproul@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Telephone: (213) 533-4240
Facsimile: (858) 678-5099

**Counsel for Defendant, Configit A/S**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 21, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

<u>/s/ Seth M. Sproul</u>
Seth M. Sproul
sproul@fr.com

*Attorney for Defendant, Configit A/S*