KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
ALAN KOSSOFF (SBN 150932)
akossoff@kwikhlaw.com
JONATHAN P. STEINSAPIR (SBN 226281)
jsteinsapir@kwikhlaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Bracewell LLP
CONOR M. CIVINS (admitted *pro hac vice*)
conor.civins@bracewell.com
MICHAEL CHIBIB (admitted *pro hac vice*)
michael.chibib@bracewell.com
111 Congress Avenue, Suite 2300
Austin, TX 78701-4061
Telephone: 512.494.3970
Facsimile: 800.400.3970

***Counsel for Plaintiffs,***
Versata Software, Inc. f/k/a Trilogy Software, Inc. and
Versata Development Group, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| VERSATA SOFTWARE, INC. f/k/a TRILOGY SOFTWARE, INC. and VERSATA DEVELOPMENT GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CONFIGIT A/S, <br><br> Defendant. | Case No. 2:20-cv-09019-JAK (MRWx) <br><br> **[PROPOSED] LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE UNITED KINGDOM** |

*Sidebar (vertical text):* KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PRESENTS ITS COMPLIMENTS TO THE SENIOR MASTER FOR THE FOREIGN PROCESS SECTION IN THE QUEEN'S BENCH DIVISION OF THE HIGH COURT OF ENGLAND AND WALES, AND REQUESTS INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE TO BE USED AT THE TRIAL OF THE CIVIL PROCEEDING BEFORE THIS COURT.**

This Court requests the assistance described herein pursuant to The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), to which both the United States and the United Kingdom are parties. The United States District Court for the Central District of California is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction.

This Court respectfully requests that this Letter of Request be executed and that Plaintiffs be permitted to obtain the documents and testimony sought from the following third parties located in England: Jaguar Land Rover Automotive PLC ("JLR UK") and its representatives detailed in Section IX below. This Court considers that the evidence sought herein is directly relevant to the issues in dispute, is evidence that may be used at trial, and without which the ends of justice could not be properly met.

This Court also considers that the documentary evidence sought herein is not discovery within the meaning of Article 23 of The Hague Convention (that is, discovery intended to lead to relevant evidence for trial). Rather, the documents and oral testimony sought are directly relevant to the parties' claims and defenses in this action and will be used as evidence, in particular in connection with Plaintiffs' patent infringement and trade secret misappropriation claims. Finally, this Court believes that this evidence is not available from any other source.

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the United Kingdom. In the proper exercise of its authority, this Court has determined that the requested testimony and documents cannot be secured except by the intervention of the Senior Master.

## I.     SENDERS

Hon. Michael R. Wilner

United States Magistrate Judge

United States District Court for the Central District of California

255 E. Temple St., Courtroom 550, 5th Floor

Los Angeles, California 90012

U.S.A.

## II.    CENTRAL AUTHORITY OF THE REQUESTED STATE

The Senior Master for the Foreign Process Section

Room El6

Royal Courts of Justice

Strand

London WC2A 2LL

United Kingdom

## III.   PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED

Kinsella Weitzman Iser Kump Holley LLP

808 Wilshire Boulevard, 3rd Floor

Santa Monica, California 90401

Telephone: 310.566.9800

*United States Counsel for Plaintiffs*

*on behalf of*

Hon. Michael R. Wilner

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1    United States Magistrate Judge

2    United States District Court for the Central District of California

3    255 E. Temple St., Courtroom 550, 5th Floor

4    Los Angeles, California 90012 U.S.A.

5    **IV.   SPECIFICATION OF THE DATE BY WHICH THE REQUESTING**

6    **AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE**

7    **LETTER OF REQUEST**

8    It is respectfully requested that the documents requested in Section XI be

9    produced within thirty (30) days after service of this Letter of Request.

10   **V.   IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE**

11   **UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE**

12   **FOLLOWING REQUEST:**

13   *a.    Requesting judicial authority:*

14   The Honorable Michael R. Wilner

15   United States Magistrate Judge

16   United States District Court for the Central District of California

17   255 E. Temple St., Courtroom 550, 5th Floor

18   Los Angeles, California 90012

19   United States of America

20   *b.    To the competent judicial authority of*

21   The United Kingdom

22   *c.    Name of case and identifying number:*

23   *Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata*

24   *Development Group, Inc. v. Configit A/S* , Case No. 2:20-cv-09019-JAK

25   (MRWx), C.D. Cal.

26   **VI.   NAMES AND ADDRESSES OF THE PARTIES AND THEIR**

27   **REPRESENTATIVES (INCLUDING REPRESENTATIVES IN THE**

28

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**REQUESTING STATE):**

a.   *Plaintiffs:*

Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc.

*Through their counsel:*


Alan R. Kossoff

Jonathan P. Steinspair

Kinsella Weitzman Iser Kump Holley LLP

808 Wilshire Boulevard, 3rd Floor

Santa Monica, California 90401


Conor M. Civins

Michael Chibib

Bracewell LLP

111 Congress Avenue, Suite 2300

Austin, Texas 78701

b.   *Defendant:*

Configit A/S,

*Through their counsel:*


Seth M. Sproul

633 West Fifth Street, 26th Floor

Los Angeles, California 90071


Tim Rawson

12860 El Camino Real, Suite 400

San Diego, California 92130

1      Jeanel N. Sunga

2      500 Aguello Street, Suite 400

3      Redwood City, CA 94063

4

5      David M. Hoffman

6      FISH & RICHARDSON P.C.

7      111 Congress Avenue, Suite 810

8      Austin, TX 78701

## VII.   NATURE OF THE PROCEEDINGS:

*a.    Nature of the proceedings*

Plaintiffs Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc. ("Plaintiffs") assert patent infringement and trade secret misappropriation claims as described below.

*b.    Summary of complaint*

Versata is an enterprise software company that has developed, among other things, product configuration software in the automotive space. Through years of extensive research and development, Versata created "Automotive Configuration Manager" ("ACM"), a software platform comprised of extensive trade secrets and proprietary information designed to assist automotive manufacturers, dealers, and consumers in defining, creating, equipping, shopping for, and ordering automotive product configurations. Additionally, Versata created "Retail Config," a software platform comprised of extensive trade secrets and proprietary information that allows consumers to select thousands of custom vehicle configurations online.

In 2009, Versata licensed its software in an agreement with "Land Rover on behalf of itself and the JLR Associated Companies" (the "JLR Contracting Party"),[1]

---

[1] JLR UK eventually became the parent for all JLR entities, so the JLR Contracting Party will be referred to as JLR UK here.

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

and that relationship continued until approximately 2012. At some point during this timeframe, JLR UK began a relationship with Configit A/S ("Configit"). Versata claims that while it was aware of Configit as a software entity, Configit's previous software offerings were not equivalent to ACM or Retail Config and could not serve as a substitute for those products given the more advanced and sophisticated automation and other processes present in ACM and Retail Config. However, Versata asserts that, in 2018 and 2019, it discovered that two Configit patents—U.S. Patent No. 10,049,396 ("the '396 Patent"), issued on August 14, 2018, and U.S. Patent No. 10,303,808 ("the '808 Patent"), issued on May 28, 2019 (collectively the "Configit Patents")—specifically identify and disclose features that are the same, or substantially similar to, the Versata trade secrets upon which the ACM and Retail Config software are based.

Versata alleges Configit used its relationship with JLR UK to obtain access to ACM, Retail Config, and Versata's Trade Secrets and used that information to develop intellectual property, including patents, as well as its own configuration software that it could sell or license to customers in the United States and around the world, including JLR UK.

Therefore, Versata is asserting claims against Configit for misappropriation of Versata's trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq. Versata also asserts that Configit's automotive configuration software infringes United States Patent No. 10,360,612 ("the '612 Patent").

    *c.*    *Summary of defenses and counterclaims*

Configit is a Denmark-based software company which also provides configuration software and technology. Configit asserts that Versata's technology was rejected by the market and that JLR UK approached Configit specifically because it was dissatisfied with Versata's and other companies' configuration software technologies.

Configit asserts that it was working with other companies prior to JLR UK to develop new configuration technology. Configit disputes that Versata's technology contains novel trade secrets and asserts that any similarities between Configit's products and Versata's are limited to known industry concepts. It also asserts that Configit's products and services do not utilize the claimed methods in Versata's patent.

## VIII. EVIDENCE TO BE OBTAINED:

### a.   *Evidence to be obtained or other judicial act to be performed*

Plaintiff seeks documentary and testimonial evidence from JLR UK, and its representatives, as detailed in Section IX below concerning JLR UK's relationship with Versata and Configit, its understanding of Versata's and Configit's respective products, its decision to purchase or use Configit products rather than Versata products, and Configit's marketing and sale of the accused products in this litigation.

### b.   *Purpose of the evidence or judicial act sought*

Each of the document categories and examination topics set forth below are directly relevant to the claims asserted against Defendant. The evidence sought is needed to support Plaintiffs' infringement and trade secret claims and to evaluate the merits of the defenses asserted by Defendants. Plaintiffs have been unable to obtain the requested information from other sources.

## IX.   IDENTITY AND ADDRESS OF ENTITY AND DEPONENTS TO PROVIDE EVIDENCE:

a.   *Jaguar Land Rover Automotive PLC*

Abbey Road, Whitley, Coventry, CV3 4LF.

b.   *Jaguar Land Rover Automotive PLC*

Representatives of Jaguar Land Rover Automotive PLC as the Company may designate.

## X.   QUESTIONS TO BE PUT TO THE PERSONS TO BE EXAMINED OR STATEMENT OF THE SUBJECT-MATTER ABOUT WHICH THEY

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**ARE TO BE EXAMINED:**

See Exhibit A-1.

## XI. DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED:

See Exhibit A-2.

## XII. ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED:

This Letter of Request includes the following requests:

1. That the deponents listed in Section IXb above, be placed under oath or affirmation.

2. That the Plaintiffs' attorneys, under authorization of this Court, be given permission to attend and participate in the oral examinations of the deponents,

3. That the deponents be examined orally by Counsel for the Plaintiff, as Counsel for the Plaintiff is familiar with the complex issues in this case and it would be advantageous to allow them to conduct the questioning either in lieu of or in addition to any questioning done by the High Court.

4. That an authorized shorthand writer or court reporter be present at the examinations, record the oral testimony verbatim, and prepare a transcript of the evidence.

5. That the transcript of the testimony be authenticated by the signature of the witness acknowledging that it is a true record.

6. That a video record be taken of the proceedings.

7. If not set by the Senior Master, that the examinations take place at locations, dates and times as may be agreed between the deponents and counsel for the parties.

8. That any objections raised as to the admissibility of certain testimony or the manner in which questions are asked or answers are given are "reserved" in that they are noted for the record, but not resolved at the deposition, and

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  instead they will be addressed and resolved by this Court when the

2  testimony is presented at trial.

3      9.  In the event the evidence cannot be taken in such a manner or location

4  requested, it is to be taken in such a manner or location as provided by local

5  law.

6  **XIII. SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED**

7         If either party or deponents have any grounds to claim privilege under the laws

8  of the United Kingdom, the United States, and/or the State of California, they may

9  furnish a log containing a list of claimed privileged documents and the grounds

10  asserted for not producing the documents. The issue of whether documents are

11  privileged under the laws of the United States or the State of California shall be

12  submitted to the United States District Court for the Central District of California for

13  its ruling. If JLR UK or any of the deponents object to producing documents on the

14  grounds that the documents are privileged under English law, the issue shall be

15  submitted to and determined by the High Court of England and Wales.

16  **XIV. REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR**

17       **THE EXECUTION OF THE REQUEST AND IDENTITY AND**

18       **ADDRESS OF ANY PERSON TO BE NOTIFIED**

19         Please notify the following counsel regarding the time and place for the

20  execution of the Request:

21  Alan Kossoff

22  KINSELLA WEITZMAN ISER KUMP HOLLEY LLP

23  808 Wilshire Boulevard, 3rd Floor

24  Santa Monica, California 90401

25  Telephone: 310.566.9800

26  **XV. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL**

27       **PERSONNEL OF THE REQUESTING AUTHORITY AT THE**

28

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**EXECUTION OF THE LETTER OF REQUEST:**

No attendance of judicial personnel is requested.

## XVI. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN:

Under the laws of the United States of America, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice.

Parties also enjoy limited privileges on other grounds not relevant here, such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

U.S. law also recognizes a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as protection of documents created as the work product of attorneys during or in anticipation of litigation.

## XVII. THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:

Plaintiffs Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc.,

*through their counsel*:

Kinsella Weitzman Iser Kump Holley LLP

808 Wilshire Boulevard, 3rd Floor

Santa Monica, California 90401

Telephone: 310.566.9800

## XVIII. DATE OF REQUEST

August _____, 2022.

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**SIGNATURE OF REQUESTING AUTHORITY:**

DATED:

_____
Michael R. Wilner
United States Magistrate Judge


_____
Kiry K. Gray, Clerk of Court

_____          _____
Deputy Clerk's Printed Name                      By: Deputy Clerk's Signature

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • Fax 310.566.9850

**EXHIBIT A**

**DEFINITIONS**

The following definitions shall apply to and are fully incorporated in Exhibits A-1 and A-2, regardless of whether used in capitalized form:

1.  The terms "Plaintiffs" and/or "Versata" means Plaintiffs Versata Software, Inc. f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., as well as their past or present, foreign or domestic, and/or direct or indirect subsidiaries, affiliates, joint ventures, divisions, business units, and predecessors in interest, including, without limitation, their respective officers, directors, agents, engineers, scientists, researchers, developers, employees, members, representatives, and all other persons acting on behalf of any such individual or individuals and/or entity or entities.

2.  The term "JLR," "You," or Your" means Jaguar Land Rover North America ("JLR NA"), Jaguar Land Rover Automotive PLC ("JLR UK"), Tata Motors, and all past or present, foreign or domestic, and/or direct or indirect subsidiaries, affiliates, joint ventures, divisions, business units, and predecessors in interest, including, without limitation, their respective officers, directors, agents, engineers, scientists, researchers, developers, employees, members, representatives, and all other persons acting on behalf of any such individual or individuals and/or entity or entities.

3.  The term "Configit" means Configit, Inc., Configit A/S, and all past or present, foreign or domestic, and/or direct or indirect subsidiaries, affiliates, joint ventures, divisions, business units, and predecessors in interest, including, without limitation, their respective officers, directors, agents, engineers, scientists, researchers, developers, employees, members, representatives, and all other persons acting on behalf of any such individual or individuals and/or entity or entities.

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Kinsella Weitzman Iser Kump Holley LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

4.   The term(s) "Configit Product(s)" means Configit's product configuration software, products, platforms, and/or or services, including Configit Ace and Configit Model, as well as any other software, products, platforms, or services with similar features and functionality that (i) were previously made available by Configit for use, subscription, and/or sale, and/or (ii) are in development, developed, sold, and/or offered for sale or subscription as of the date set for trial in this matter.

5.   The terms(s) "Versata Product(s)" means Versata's product configuration software, JLR legacy authoring application, solve engines, products, manuals, platforms, and/or or services, including Automotive Configuration Manager ("ACM") and Retail Configuration and Pricing Software ("Retail Config"), as well as any other Versata software, products, platforms, or services with similar functionality.

6.   The term "Asserted Patents" means United States Patent Nos. 6,836,766 and 10,360,612.

7.   The term "the '766 patent" means U.S. Patent No. 6,836,766.

8.   The term "the '612 patent" means U.S. Patent No. 10,360,612.

9.   The terms "Lawsuit" or "this Lawsuit" means the civil action captioned *Versata Software, Inc. f/k/a Trilogy Software, Inc. & Versata Development Group, Inc. v. Configit A/S*, Case No. 2:20-cv-09019- JAK (MRWx), filed on October 1, 2020, in the United States District Court for the Central District of California.

10.   The term "Configit Patents" means United States Patent Nos. 10,049,396 and 10,303,808, and any Related Application(s). The term "Related Application(s)" means any and all patents and patent applications related to the Configit Patents, including parent applications, continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, inter partes reviews, foreign counterparts, and any other applications

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

disclosing, describing, or claiming any invention disclosed, described, or claimed in the Configit Patents, or claiming the benefit of the filing date of any application whose benefit is claimed in the Configit Patents, whether or not abandoned, and whether or not issued.

11. The terms "Third Party" or "Third Parties" means any Person other than Plaintiffs or Configit.

12. The term "Source Code" means human-readable programming language text that defines software and/or firmware. Source Code includes files written in human-readable programming languages including, but not limited to, C, C++, Java, Perl assembler, VHDL, Verilog, and digital signal processor ("DSP") programming languages. Source Code also includes, but is not limited to, files written for DSPs, Intel processors, and/or other programmable processors. Further, Source Code includes, but is not limited to, "include" files, "make" files, "link" files, "build" files, and other human-readable text files used in the generation and/or building of software directly executed on an application processor, baseband processor, microprocessor, micro-controller, or DSP. In addition, the term "software," as used in this definition of Source Code, is meant to include operating systems as well as operating system kernels, libraries, dynamic link libraries ("DLLs"), compiled programs, applications, and drivers.

13. The term "developer" means an individual who authors, develops, codes, programs, or otherwise is responsible for the creation of Source Code or software code and any parts thereof.

14. The term "document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy, whether by mark, alteration, writing, or other change from the original, is a separate document within the meaning of this term. The term "document" shall

include any communication (as defined below).

15. The term "communication" shall include the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether written or oral, including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person or entity to another shall be deemed a communication between such persons or entities whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

16. "Person" or "Persons" means any natural person, corporation, partnership, sole proprietorship, firm, board, joint venture, association, agency, authority, commission, or other entity.

17. The terms "sale," "sell," and "sold" refer to any and all commercial transactions, including transactions that result in shipments into bonded warehouses, shipments for transshipping under bond, and shipments intended for the official use of foreign embassies or consulates. The terms "sale," "sell," and "sold" also refer to all transactions conducted through the Internet.

18. The term "any" shall be construed as one or more whenever necessary to bring within the scope of the request all responses that might otherwise be construed as outside its scope.

19. The terms "each" and "any" shall mean any and all.

20. The term "identify," when used with respect to a person, means to state the person's full name, present or last known address, and when referring to a natural person, the person's present or last employer and title or position.

21. The term "identify," when used with respect to a document, means to state, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) authors, addresses, and recipients; and (v)

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Kinsella Weitzman Iser Kump Holley LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

when applicable, the Bates numbers for the document.

22.   The term "identify," when used with respect to a communication, means to state, to the extent known, the (i) means of communication (e.g., telephone call, meeting, etc.); (ii) date of the communication; (iii) general subject matter of the communication; and (iv) originator, recipient, and any other party to the communication.

23.   The term "including" shall be without limitation.

24.   The term "prior art" means all documents, information, acts, or things that may qualify as prior art under any subsection of 35 U.S.C. § 102 and/or § 103, including all systems, methods, apparatuses, publications, patents, or uses.

25.   The terms "thing" or "things" is synonymous in meaning and equal in scope to the usage of the term "tangible things" in Fed. R. Civ. P. 34(a)(1)(B), and includes any tangible object other than a document, including, without limitation, objects of every kind and nature, as well as prototypes, models, or physical specimens thereof, including, by way of example but without limitation, printers, copiers, multi-function peripherals, facsimile machines, and computers.

26.   The terms "pertaining to" and "pertain to," "relating to" and "relate to," and "regarding," mean in any way concerning, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evaluating, discussing, contemplating, or referencing a specified subject, either directly or indirectly.

27.   The term "and/or" and the connectives "and" and "or" shall be construed both disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

28. The singular shall include the plural, and vice versa, as necessary to bring within the scope of the request all information that might otherwise be construed to be outside of its scope.

29. The use of the present tense includes past tense, and vice versa, as necessary to bring within the scope of the request all information that might otherwise be construed to be outside of its scope.

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# INSTRUCTIONS

The following instructions apply to each enumerated request in Exhibit A-2 unless otherwise explicitly stated.

1.   Each Request shall be answered pursuant to United States Federal Rules of Civil Procedure 26 and 34 and supplemented as required by United States Federal Rule of Civil Procedure 26(e).

2.   These Requests apply to all documents in Your possession, custody, or control at the present time, or coming into Your possession, custody, or control prior to or during the pendency of the Litigation. If You know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

3.   If no documents are responsive to a particular Request, You are to state in Your response that no responsive documents exist.

4.   If You withhold any document or portion thereof in response to any of the Requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each document, communication, or portion thereof so withheld, state the following: (a) the type of document (e.g., letter, email, notebook, sketch, computer entry, drawing, publication, report, memorandum, contact, etc.); (b) its title; (c) its date; (d) a summary of the subject matter and its content; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (e.g., "attorney-client privilege," "attorney work product," etc.).

5.   If You contend that a portion of a document contains information that is immune from discovery, then produce the document with the allegedly immune

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   portion redacted therefrom and describe the redacted portion in a privilege log
2   pursuant to the instructions in paragraph 4 above.

3        6.    These Requests seek all responsive documents in their original language,
4   and, if such original language is not English, these Requests also seek all English-
5   language translations that may exist for any such documents.

6        7.    Each document is to be produced along with all drafts, without
7   abbreviation or redaction.

8        8.    Any keys, codes, explanations, manuals, or other documents necessary
9   for the interpretation or understanding of the documents produced in response to these
10   Requests for Production shall be produced.

11        9.    In the event that You object to any Request on the ground that it is
12   overbroad and/or unduly burdensome for any reason, respond to that Request as
13   narrowed to the least extent necessary, in Your judgment, to render said Request not
14   overbroad/unduly burdensome and state specifically the extent to which You have
15   narrowed that Request for purposes of Your response and the factual basis for Your
16   conclusion.

17        10.    In the event You object to any Request on the ground that it is vague
18   and/or ambiguous, identify the particular words, terms or phrases that are asserted to
19   make such Request vague and/or ambiguous and specify the meaning actually
20   attributed by You to such words for purposes of Your response thereto.

21        11.    The relevant timeframe for responsive information is January 1, 2010 to
22   present based on the allegations set forth in Versata's Second Amended Complaint, a
23   copy of which is attached hereto as Exhibit A-3.

24

25

26

27

28

1

**EXHIBIT A-1**

2

**TOPICS AND SUBJECTS ON WHICH EXAMINATION IS REQUESTED**

3    1.    Your business relationship with Configit related to JLR's purchase,

4    license, or any other use of any Configit Product; JLR's decision to purchase, use

5    and/or license and/or develop or modify any Configit Product, and the individuals at

6    JLR involved in making those decisions; and your development or joint development

7    of any Configit Product.

8    2.    Documents and information related to JLR's development, design,

9    operation, and/or purchase, use or license of any Configit Product, including, but not

10   limited to: information related to the development or joint development of any

11   Configit Product (including technical know-how and instruction); information related

12   to the design, operation, function, testing, use, and/or license of any Configit Product;

13   information related to how to configure, develop, assemble, access, program, modify,

14   operate, control, or otherwise use any Configit Product; and information related to the

15   conception, reduction to practice, and research of any Configit product eventually

16   licensed to or otherwise provided to JLR by Configit, including provision of

17   laboratory notebooks, inventor notebooks, and computer data, first written

18   descriptions or disclosures (including drawings) and the first prototype of such subject

19   matter.

20   3.    The involvement of JLR employees Wendy Gunton, Steven Jobling,

21   Hemant Kulkarni, and Simon Packman in the development or joint development or

22   operation of any Configit Product, including information relied on, or exchanged by,

23   these employees and Configit.

24   4.    Contracts, licenses, or any other agreements (including confidentiality

25   agreements) between Configit and JLR to use or have permission to develop, use, sell,

26   offer to sell, license, offer to license, subscribe to, or offer to subscribe to any Configit

27   Product.

28

Kinsella Weitzman Iser Kump Holley llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

5.      JLR's relationship with Versata, including when the relationship began; what individuals at JLR and Versata were involved; the types of Versata Products used by JLR; JLR's use, dissemination, and/or other treatment of Versata Products or information provided by Versata to JLR; and JLR's decision to discontinue use and/or license of Versata Products.

6.      Communications related to Versata, as well as any information exchanged by JLR and Configit related to Versata or Versata Products.

7.      Documents and information exchanged by JLR and Versata (and/or used or relied on by JLR) related to JLR's purchase, license, or use of any Versata Product, including, but not limited to: information related to the design, operation, function, testing, use, and/or license of any Versata Product; and information related to how to configure, develop, assemble, access, program, modify, operate, control, or otherwise use any Versata Product.

8.      Contracts, licenses, or any other agreements (including confidentiality agreements) between Versata and JLR to use or have permission to develop, use, sell, offer to sell, license, offer to license, subscribe to, or offer to subscribe to any Versata Product.

9.      Authenticity of documents produced by JLR.

**EXHIBIT A-2**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.     Documents and things (including source code, object code, engineering specifications, user manuals, etc.) related to the design, development, control, operation, function, testing, use, and/or license of any Configit Product.

2.     Documents and things relating to any contracts, agreements, licenses (including royalty amounts or licensing fees), terms, or any other agreement (including confidentiality agreements) between Configit and JLR to use or have permission to develop, use, sell, offer to sell, license, offer to license, subscribe to, or offer to subscribe to any Configit Product.

3.     Documents and things related to JLR's decision to use and/or license any Configit Product, including the development or joint development of any Configit Product.

4.     Documents and communications related to Versata or Versata's Products, including JLR's decision not to renew Versata's ACM Product or otherwise discontinue use of any Versata Products.

5.     Documents, things, and communications exchanged between Wendy Gunton, identified in Exhibit A-4, attached hereto, and Configit, including, but not limited to, the documents, things, and communications related to the specific subject matter highlighted (yellow) in Exhibit A-4.

6.     Documents, communications, and things exchanged with Steven Jobling, identified in Exhibit A-5, attached hereto, and Configit, including, but not limited to, the documents, things, and communications related to the specific subject matter highlighted (yellow) in Exhibit A-5.

7.     Documents, things, and communications with Hemant Kulkarni, identified in Exhibit A-6, attached hereto, attached hereto, and Configit, including, but not limited to, the documents, things, and communications related to the specific subject matter highlighted (yellow) in Exhibit A-6.

1    8.    Documents, things, and communications with Simon Packman,
2  identified in Exhibit A-7, attached hereto, and Configit, including, but not limited to,
3  the documents, things, and communications related to the specific subject matter
4  highlighted (yellow) in Exhibit A-7.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850